BLUM et al. v. WIDDICOMB et al.

(Circuit Court, W. D. Michigan, S. D. November 9, 1898.)

PARTIES—SUIT TO RECOVER PENALTY—CONSTRUCTION OF STATUTE.

2 How. Ann. St. Mich. § 8429, providing that suits for penalties shall be brought in the name of the state, relates only to penalties proper, imposed as punishment for some act deemed to be an offense against the state, and does not apply to an action brought upon a provision of a statute creating a liability in favor of a private individual in excess of actual compensation, which is a remedial action, and may be brought by the individual entitled to the recovery, though the same statute imposes a penalty as a punishment for the same act in its character of an offense against the state.

This was an action brought to charge individually the directors of a corporation for a debt of the latter, grounded upon their failure to make proper annual reports to the secretary of state, as required by the statute of Michigan, which statute imposes a personal liability for such failure. On demurrer to declaration.

Cahill & Ostrander, for plaintiffs.
Kingsley & Kleinhans, for Bonnell and Hackley.
Butterfield & Keeney, for Putman and Barnhart.
Fitzgerald & Barry, for defendant Morton.

SEVERENS, District Judge. I think the demurrer to the plaintiff's declaration in this case must be overruled. The essential ground on which the demurrer rests is the proposition, contended for by counsel for the defendants, that section 12 of Act No. 232

of the Public Acts of Michigan for 1885, which was enacted to provide such a remedy as the plaintiffs are now pursuing, is penal in its character. Upon the assumption of this proposition it is further contended: First, that the action, being for a penalty, should be brought in the name of the state, in accordance with the provisions of section 8429, How. Ann. St.; secondly, it is urged that the law of 1885, in force at the date when the supposed liability was incurred, has been repealed by subsequent statutes,—Act No. 164 of the Public Acts of 1895, and Act No. 250 of the Public Acts of 1887, which are amendments of the law of 1885. Hence it is contended that, the original statute being no longer in force, the right to sue for the penalty imposed by the former law is gone, in accordance with the doctrine applicable in that respect to penal actions. In my opinion, the error is in the fundamental proposition, which ignores the distinction between the various significations in which the word "penal" is employed in legal expression. In its primary sense it has reference to punishment, and, as applied to statutes, refers to such as impose punishment for offenses against the state. In another sense, the word has been employed to characterize statutes which afford a remedy to private parties, where the remedy is given in excess of the common law and exact compensation for the injury to be redressed. Such statutes are sometimes denominated penal, and are sometimes characterized as being in the nature of penal statutes. Sometimes, as in this case, the same statute has the double aspect of not only imposing a liability in favor of a private individual which is in excess of exact compensation, but also imposes a penalty proper, which is intended as a punishment for the act in its character of an offense against the state; but each provision is distinct in its nature, as much so as if in separate statutes. Proper attention to the above-stated distinction solves the questions which are involved. The particular provision of the statute on which the action is founded does not impose a penalty for an offense against the state, but gives a remedy to private persons who are supposed to have suffered injury from the wrongful act complained of. Section 8429, How. Ann. St., above referred to, provides that suits for penalties shall be brought in the name of the state, and relates only to penalties proper,—that is to say, such as are imposed for the purpose of punishing some act deemed to be an offense against the state. Actions brought upon the remedial provisions of a statute are properly brought in the name of the person injured. The recovery in such case is not to the state, nor for its benefit; in fact, the state has no concern with it. These considerations refute also the second ground of demurrer above stated. It is a matter of some doubt whether the original law should be treated as repealed by the amendments. The reasoning of Judge Montgomery in delivering the opinion of the supreme court in Bank v. Peirson (Mich.) 70 N. W. 901, makes it quite uncertain, to say the least, whether that court would hold that the latest amendments would effect a repeal of the old law. But it is not necessary, in my judgment, to determine whether the later acts repeal the original act or not, for, if the remedy is a private one, under the distinction above stated, the repeal

of the law after the liability had been incurred would not discharge the defendants from their liability. Without going more into detail, the conclusion is that the demurrer should be overruled. The defendants will have leave to plead, if they shall so elect.