No. 13,084.

CITY AND COUNTY OF DENVER *v.* SCHOOL DISTRICT No. 1, CITY AND COUNTY OF DENVER.

(30 P. [2d] 866)

Decided March 5, 1934.

Mr. JAMES D. PARRIOTT, Mr. FREDERICK P. CRANSTON, for plaintiff in error.

Mr. HERBERT M. MUNROE, for defendant in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

THE defendant in error, referred to as the school district, filed this suit in the district court against the plaintiff in error, referred to as the county, to recover one-half of the monies paid into the county treasury, from various courts in the county collected by said courts for violations of state laws as fines imposed for the punishment of crimes and misdemeanors between July 1, 1933, and the 31st day of August, 1929. As was admittedly proper, one-half of all monies collected were paid into the state treasury, for the policemen's benefit fund. The facts were stipulated and on trial to the court, judgment was entered in favor of the school district for the sum of $72,299.59. The county assigns error.

The following two sections of the Compiled Laws of 1921 are pertinent:

Section 7132, enacted in 1861, provides: ''All fines imposed by virtue of any of the laws of this state, for the punishment of crimes and misdemeanors, shall, where no other provision is made, when collected, be paid into the treasury of the county, unless otherwise expressly directed;  *  *  *.''

Section 8288, enacted in 1876, provides in part: ''Except as otherwise provided by law, all sums of money derived from fines imposed for violation of orders of injunction, mandamus and other like writs, or for contempt of court, shall be paid into the school fund of the county wherein the contempt or such violation was committed; and the clear proceeds of all fines collected within the several counties of the state for breach of the penal laws, and all funds arising from the sale of lost goods and estrays shall be paid over in cash by the person collecting the same, within twenty (20) days after the collection, to the county treasurer of the county in which the same have accrued, and shall be by him credited to the general county school fund.''

The county claims under section 7132. The school district claims under section 8288, and contends that section 7132 is superseded thereby. The county insists that section 7132 is not superseded by section 8288, but both sections must be construed together and effect be given to both.

The earlier statute says that ''All fines  *  *  * for the punishment of crimes and misdemeanors shall  *  *  *  be paid into the treasury of the county.'' The later statute says that ''All fines collected  *  *  *  for breach of the penal laws  *  *  *  shall be paid  *  *  * to the county treasurer  *  *  * and be by him credited to the general county school fund.'' Where two statutes of different dates exist, apparent conflicts should be reconciled and the statutes construed, if at all possible, so as to give effect to the provisions of each. Here we find an irreconcilable conflict, in that the monies arising from

the same sources, are directed to be paid into separate, distinct and different funds, by each statute. This cannot be done. Where such conflict exists, the later statute prevails.

The misconstruction of the meaning of the words "penal laws" gave rise to the controversy here. The county contends that the words "penal laws," following the words, "violation of orders of injunction, mandamus, and other like writs, or for contempt of court," found in section 8288, refer to penalties imposed for such violations and not for penalties imposed for violations of a different character. And further contends that "breach of the penal laws," as used in this statute cannot include violations of state laws for the punishment of crimes and misdemeanors, and invokes the rule of ejusdem generis. We do not think the rule applicable. Surplusage in legislative enactments is the rare exception, and it would have been pure repetition and surplusage, to have said, in the same paragraph, "All sums of money derived from fines" imposed for certain class of violations, and then to have said, "All fines collected * * * for breach of the penal laws," if it was intended to confine the meaning of penal laws to the class of violations, immediately before dealt with. In the enactment of section 8288, the legislature, to further its purpose of providing revenue for the school fund, intentionally disposed of revenue from the specified sources, and then included every other penalty imposed by law. This was not used as a "cleanup" phrase as is many times the case, out of precaution in order that no particular item in the class or classes specified has been overlooked. It was, and is, an additional all-inclusive phrase used to gather in monies from all sources where fines are imposed.

■ Do the words "penal laws" in the latter act include "laws * * * for the punishment of crimes and misdemeanors" as mentioned in the former act? The ordinary and accepted understanding of the meaning of

"penal laws" compels an affirmative answer. That ordinary understanding is that a penal law is one which imposes a penalty. "In its primary sense it has reference to punishment, and, as applied to statutes, refers to such as impose punishment for offenses against the state." *Blum v. Widdicomb,* 90 Fed. 220. It follows that if the later act included the matter contained in the former by implication, it must prevail.

█ There is another impelling reason why the later act must control. For over a half century there has been an unvarying executive and administrative construction of the later statute to the same effect as we have herein given. This construction should be disregarded only for the most cogent reasons. 59 C. J. 1024.

The officials of every county in the state, with the exception of those in the case at bar, have, so far as we know, since the passage of this act in 1876, reflected on this subject in a fair minded and honest way and have followed the later act to the exclusion of the former. This should have the effect of positive law. Vested rights and interests have arisen and will not be disturbed.

█ The money in this case having passed into the county fund and having been expended for county purposes, this action, in the nature of assumpsit, was the proper remedy. Mandamus will not lie.

The judgment of the trial court was right and is affirmed.