No. 19,676.

STATE OF COLORADO *v.* IRWIN BECKMAN, ET AL.
(368 P. [2d] 793)

Decided December 29, 1961.   Rehearing denied February 26, 1962.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK
E. HICKEY, Deputy, Mr. JOHN E. BUSH, Special Assistant,
for plaintiff in error.

Mr. THOMAS J. CARNEY, Mr. J. FRED SCHNEIDER, Mr.
ROY H. McVICKER, JR., for defendants in error.

Mr. HAROLD D. LUTZ, for intervenor.

*En Banc.*

MR. JUSTICE FRANTZ delivered the opinion of the Court.

REFERENCE to the parties to this action will be as fol-
lows: the plaintiff State of Colorado as the "State;" the
defendants, the Justices of the Peace, the County Treas-
urer and the Board of County Commissioners of the
County of Jefferson, respectively as "Justices of the
Peace," "Treasurer," and "Board," and collectively as
the "County;" and the intervenor Jefferson County
School District No. R-1 as the "School District."

A three-cornered controversy over the disposition of
moneys collected since January 1959 by fines and for-
feitures of bail by Justices of the Peace for violations of
C.R.S. '53, 13-3 and 13-4 (being parts of the motor vehicle
laws of this state) resulted in a judgment favorable to
the County. The State seeks reversal, and a direction
from this court that judgment enter in its favor for fifty
percent of such fines and forfeitures. The School District
asks for a revision of the judgment to the effect that it

is entitled to all fines and forfeitures collected by such Justices of the Peace.

Each suitor points to certain statutory provisions as a vindication of its position: the State relies upon C.R.S. '53, 13-3-36 and 13-4-133, the Board upon C.R.S. '53, 13-2-16 and 79-15-16, and the School District upon C.R.S. '53, 123-3-3. Finding internal conflict in the motor vehicle laws as expressed in C.R.S. '53, 13-3-36, 13-4-133 and 13-2-16 making reconciliation insoluble, the trial court held these sections to be "void and inoperative." It also found C.R.S. '53, 123-3-3 invalid, apparently on the ground of confusing conflict regarding the disposition of fines and forfeitures collected by the Justices of the Peace. The trial court thereupon held that the "original organic act," C.R.S. '53, 79-15-16, was effectual and operative, and by virtue thereof declared that all such fines and forfeitures were payable to the County Treasurer.

The basic Justice of the Peace Act was passed in 1861 and has been continually re-enacted unchanged up to the present. It is now entitled C.R.S. '53, 79-15-16:

"It shall be the duty of each of the justices of the several counties to return, quarterly, to the county treasurer thereof, a list of all fines before them assessed, stating the name or names of the defendant or defendants, and to pay over to such county treasurer any and all money by him received, arising from fines. A failure of any such justice before whom any fine shall have been assessed or paid, under the provisions of this law, to make such returns, shall work a forfeiture of double the amount of the fines assessed before them, to be recovered as prescribed in section 79-15-17."

C.R.S. '53, 123-3-3, upon which the School District bases its claim, was enacted in 1876 as part of the school law first codified as GL §2514:

"2514. Sec. 68. All fines, penalties and forfeitures provided by *this act* may be recovered by action of debt, in the name of the people of the state of Colorado, for the use of the proper school district or county, and shall,

when they accrue, belong to the respective districts or counties, in which the same may have been incurred; and the county treasurers, for their counties, are hereby authorized to receive and cause to be placed to the proper credit such forfetiures. *Except* as otherwise provided by law, all sums of money derived from fines imposed for violation of orders of injunction, mandamus and other like writs or for contempt of court, shall be paid into the school fund of the county wherein the contempt or such violation was committed; *and the clear proceeds of all fines collected within the several counties of the state for breach of the penal laws,* and all funds arising from the sale of lost goods and estrays, shall be paid over in cash by the person collecting the same, within twenty (20) days after the collection, to the county treasurer of the county in which the same have accrued, and shall be by him credited to the general county school fund * * *." (Emphasis supplied.)

This law remained unchanged until codified in 1935 as C.S.A. 146, §34. The words "this act" were changed to read "this law." Finally, when enacted as 123-3-3, C.R.S. '53, the important word "this" was omitted entirely. Another change was effected by the revision. The exceptions appearing in Section 2514, quoted above, were changed by a period after the word "committed" and the commencement of a new sentence beginning "The clear proceeds of all fines," etc.

■ Statutes must be construed in pari materia and if possible be reconciled. Generally a specific statute prevails over a general one. *Burton v. Denver,* 99 Colo. 207, 61 P. (2d) 856. Adoption of the rule enunciated in *Creacy v. Industrial Commission,* 148 Colo. 429, 366 P. (2d) 384, that the retention in substantial form and wording of prior laws in the Colorado Revised Statutes 1953 works a continuation of such laws and not a new enactment, requires the construction of C.R.S. '53, 123-3-3 with the word "this" and the words "except as otherwise provided by law * * * the clear proceeds of all fines

collected within the several counties of the state for breach of the penal laws," etc., included as still part of the law.

As so construed, two limitations are present: (1) the act relates only to fines, penalties and forfeitures provided by this act which pertains to schools; and (2) since there are, as will hereinafter appear, exceptions otherwise provided by law, C.R.S. '53, 123-3-3, becomes inapplicable to this case.

In 1931, as Chapter 122, the Uniform Motor Vehicle Act was passed. All fines imposed under the provisions of this act were to be credited to the County Fund:

"All magistrates, Justices of the Peace or other officers imposing or receiving fines and penalties collected under the provisions of this Act shall transmit all moneys so collected to the Treasurer of the County to be credited to the general fund of the County." L. 31, Ch. 122, Sec. 18.

This original act had five parts: Part I, Motor Vehicle Department; Part II, Registration; Part III, Operators and Chauffeur's Licenses; Part IV, Operation of Vehicles on the Highway; Part V, Coordination. Section 18 of Part I directs moneys collected as a result of fines to be turned over to the County General Fund.

In 1935, as Chapter 164, Parts III and IV of the 1931 act were amended and further broken down into articles. Section 42 (c) provides that fines collected for violations of this act are to be sent 50% to State and 50% to County Fund. Section 42 is in Part III. We quote Section 42 (c):

"All fines and forfeitures collected upon conviction or upon forfeitures of bail of any person charged with any violation of any of the provisions of *this Act* constituting a misdemeanor or felony shall be disposed of in the following manner:

"Any justice of the peace * * * shall forward within ten days of any conviction in this court, fifty (50) per centum of the fines so collected to the Motor Vehicle Department, the Motor Vehicle Department shall within

ten days pay such moneys to the State Treasurer who shall credit such moneys to the Motor Vehicle Maintenance Fund and such fund shall be used for the sole purpose of partially defraying the expenses of the Motor Vehicle Department in enforcing this Act. The remaining fifty (50) per centum shall be forwarded by the justice of the peace * * * to the treasurer of the county maintaining the court in which such conviction was had, and said county treasurer shall credit the same to the county's 'General Fund' of that respective county." (Emphasis supplied.) L. 35, Ch. 164, Sec. 42 (c).

Section 172 of Part IV requires a similar disposition of funds collected under provisions of the act:

"Section 172. Disposition of Fines and Forfeitures.

"(a). All fines and forfetiures collected upon conviction or upon forfeiture of bail of any person charged with any violations of the provisions of *this Act* constituting a misdemeanor or felony shall be disposed of in the following manner:

"Any Justice of the Peace * * * shall forward within ten days of any conviction within his court, fifty (50) percentum of the fine so collected to the Motor Vehicle Department; the Motor Vehicle Department shall within (10) days pay such moneys to the State Treasurer who shall credit such moneys to the State Highway Fund; * * * provided further, the remaining fifty (50) per centum shall be forwarded by the Justice of the Peace * * * to the Treasurer of the county maintaining the court in which such conviction was had and said County Treasurer shall credit the same to the County's 'General Fund' of that respective County." (Emphasis supplied.) L. 35, Ch. 164, Sec. 172.

Note that this act of 1935 relates only to Parts III and IV of the act of 1931. The word "act" as therein used must mean parts III and IV. That the 1935 amendment treats Parts III and IV of the 1931 act, as changed, as separate and distinct appears from the provision that it shall be "cited as the Uniform Safety Code of 1935,"

whereas the entire 1931 act was known as "The Uniform Motor Vehicle Law."

The codification of 1935 (C.S.A. '35, Ch. 16) shows this intent. Chapter 16 is entitled "Automobiles and Other Motor Vehicles." The chapter is broken down into nine articles. Article 1 is entitled "Protection of Title — Registration" and is broken down into several subdivisions. Section 37 in Subdivision 3 of Article 1 directs that fines imposed under this subdivision be paid into the County Treasury.

Article 2 is entitled "Uniform Motor Vehicle Safety Responsibility Law."

Article 3 is entitled "Uniform Motor Vehicle Law," and is the same as the law passed in 1931, as changed by L. 1935, Chapter 164. Article 3 contains six parts: Part I, Definitions of Terms; Part II, Motor Vehicle Department — Administration; Part III, Registration of Motor Vehicles; Part IV, Operators and Chauffeurs Licenses; Part V, Operation of Vehicles on the Highways; and Part VI, Co-ordination.

The statute now entitled C.R.S. '53, 13-2-16, is found in C.S.A. '35, Ch. 16, §97, which is in Part II of Article 3, and reads as follows:

"§97. Officers collecting fines to remit to county treasurer. — All magistrates, justices of the peace or other officers imposing or receiving fines and penalties collected under the provisions of this article shall transmit all moneys so collected to the treasurer of the county to be credited to the general fund of the county. [L. '31, p. 496, §18.]"

Note the word "article" is used. In the revision, "article" has been changed to "articles 1 to 5," which cover: "1. Definitions and Citation," "2. Administration," "3. Operators and Chauffeurs Licenses," "4. Operation of Vehicles" and "5. Registration of Specific Ownership Tax."

The statute now entitled C.R.S. '53, 13-3-36, is found

in C.S.A. Ch. 16, §157, which is in Part III of Article 3 and reads as follows:

"§157. Penalty for misdemeanor. — (a) It shall be a misdemeanor for any person to violate any of the provisions of this part unless such violation is by *this part* or other law of this state declared to be a felony.

"(b) Unless another penalty is in this part or by the laws of this state provided, every person convicted of a misdemeanor for the violation of any provision of this part shall be punished by a fine of not more than $500.00 or by imprisonment for not more than six months or by both such fine and imprisonment.

"(c) All fines and forfeitures collected upon conviction or upon forfeitures of bail or any person charged with any violation of any of the provisions of *this part* constituting a misdemeanor or felony shall be disposed of in the following manner.

"Any justice of the peace * * * shall forward within ten days of any conviction in this court, fifty (50) per centum of the fines so collected to the motor vehicle department, the motor vehicle department shall within ten days pay such moneys to the state treasurer who shall credit such moneys to the motor vehicle maintenance fund and such fund shall be used for the sole purpose of partially defraying the expenses of the motor vehicle department in enforcing this part. The remaining fifty (50) per centum shall be forwarded by the justice of the peace * * * to the treasurer of the county maintaining the court in which such conviction was had, and said county treasurer shall credit the same to the county's 'general fund' of that respective county. [L. '35, p. 769, §42.]" (Emphasis supplied.)

The statute C.R.S. '53, 13-4-133, is found in C.S.A. Chapter 16, §287, which is in Part V of Article 3, and reads as follows:

"§287. Disposition of fines and forfeitures — (a) All fines and forfeitures collected upon conviction or upon forfeiture of bail of any person charged with any viola-

tions of the provisions of this part constituting a misdemeanor or felony shall be disposed of in the following manner.

"Any justice of the peace * * * shall forward within ten days of any conviction within his court fifty (50) per centum of the fine so collected to the motor vehicle department; the motor vehicle department shall within ten (10) days pay such moneys to the state treasurer who shall credit such moneys to the state highway fund; * * * provided further, the remaining fifty (50) per centum shall be forwarded by the justice of the peace * * * to the treasurer of the county maintaining the court in which such conviction was had and said county treasurer shall credit the same to the county's 'general fund' of that respective county."

■ L. 39, Chapter 74, §5 repeals provisions of §97 of Chapter 16, C.S.A. '35 insofar as in conflict with this act. But it must be noted that §97 is not in conflict with L. 39, Chapter 74, the "this act" referred to. Further, it must be noted that a specific legislative declaration that a later law repeals any provisions of an earlier law in conflict with the later law is superfluous since a later law automatically repeals an earlier law which conflicts with it. *Sugar City v. Comm.*, 57 Colo. 432, 140 Pac. 809; *Denver v. School Dist.*, 94 Colo. 406, 30 P. (2d) 866; *Town of Greenwood Village v. District Court*, 138 Colo. 283, 332 P. (2d) 210.

■ The enactment of C.R.S. in 1953 was an adoption of the laws contained therein. It is not mere evidence of the law but if the provisions of C.R.S. are in conflict, the statute most recently adopted, prior to the adoption of the revision, controls. *Town of Greenwood v. Dist. Ct., supra.*

■ We conclude that C.R.S. '53, 13-2-16 controls, being a specific statute later adopted over 79-15-16, but that as far as fines collected in accordance with Chapter 13, Articles 3 and 4, of C.R.S. '53, Sections 13-3-36 and 13-4-133 thereof control, since they are the later and

more specific. We can see no reason why the conflict in these statutes cannot be reconciled by resort to the long recognized principle of statutory construction which this court has long applied.

The result when so construed requires that 50% of the fines and forfeitures so collected be transmitted to the Department of Revenue, pursuant to C.R.S. '53, 13-3-36 and 13-4-133.

The judgment is reversed and the cause remanded to the trial court with directions to enter a judgment in accordance with this opinion.

MR. JUSTICE MOORE and MR. JUSTICE PRINGLE not participating.