**Beverly K. JOHNSON, Plaintiff,**
v.
**Norene DODRILL and Richard A. Facinelli, Defendants.**

**Civ. A. No. 66–C–442.**

United States District Court
D. Colorado.

March 16, 1967.

Kripke, Hoffman & Friedman, Kenneth N. Kripke, Denver, Colo., for plaintiff.

Robert E. Holland, Denver, Colo., for defendant Norene Dodrill.

Fleming & Pattridge, Conrad E. Gardner, Golden, Colo., for defendant Richard A. Facinelli.

## MEMORANDUM OPINION AND ORDER

CHILSON, District Judge.

The complaint seeks to recover damages resulting from a motorbike-pedestrian collision which occurred on August 28, 1959. The action was instituted on August 24, 1966.

The defendant Facinelli has filed a motion to dismiss on the ground the complaint does not state a claim upon which relief can be granted. The Court has read the memoranda filed in support of and in opposition thereto and determines that the motion is without merit and should be denied, and it is so ordered.

Both defendants have filed a motion to dismiss on the grounds that the Colorado statutes of limitation bar the maintenance of the action.

From the memoranda filed in support of and in opposition to the motion, it appears that on August 28, 1959, the defendant was 17 years of age, having been born on February 19, 1942. Chapter 87, Article 1, Section 17 of the 1963 Colorado Revised Statutes provides:

"If any person entitled to bring any action mentioned in this article, is under the age of twenty-one years, insane, imprisoned, or absent from the United States, at the time when the cause of action accrues, such person' may bring said action, within the time in this article respectively limited, after the disability is removed."

Chapter 87, Article 1, Section 11 fixes the period of limitation in cases of this character at six years after the cause of action accrues.

Under these two sections of the statute, the plaintiff had six years after she became 21 years of age within which to bring this action and since the institution of the action was well within that period, her action is not barred by these statutes.

However, Chapter 87, Article 2, Section 3 provides:

"(1) (a) Whenever in any of the statutes of the state of Colorado heretofore or hereafter enacted, a limitation is fixed upon the time within which a right of action, right of redemption, or any other right, may be asserted either affirmatively or by way of defense, or an action, suit or proceeding based thereon, may be brought, commenced, maintained or prosecuted, and the true owner of said right is a person under disability at the time such right accrues, then:

"(b) If such person under disability is represented by a legal representative at the time said right accrues, or if a legal representative is appointed for such person under disability at any time after said right accrues and prior to the termination of such disability, the applicable statute of limitations shall run against such person under disability in the same manner, for the same period, and with the same effect as it runs against persons not under disability. Such legal representative, or his successor in trust, in any event shall be allowed not less than two years after his appointment within which to take action on behalf of such person under disability, even though such two year period shall expire after the expiration of the period fixed by the applicable statute of limitations;

"(c) If the person under disability shall die before the termination of his disability and before the expiration of the period of limitation in subsection (1) (b) of this section, and the right is one which survives to the executor or administrator of a decedent, then such executor or administrator

shall take action within one year after the death of such person under disability;

"(d) If the disability of any person be terminated before the expiration of the period of limitation in subsection (1) (b) of this section, and no legal representative has theretofore been appointed for him, then such person shall be allowed to take action within the period fixed by the applicable statute of limitations, or within two years after the removal of the disability, whichever period expires the later.

"(2) After the expiration of the period fixed in subsections (1)(b), (1) (c) or (1)(d) of this section, neither the person under disability, nor his legal representative, nor anyone for him shall be permitted or allowed to take action based on any such right."

Under this statute the plaintiff, who had no legal representative appointed for her during her period of disability, had only two years after she became 21 years of age within which to institute this action. The action was not instituted within this two year period.

It is obvious that Chapter 87, Article 1, Section 17 and Chapter 87, Article 2, Section 3 are in conflict with each other. This conflict has not been resolved by any Colorado case law insofar as this Court has been able to ascertain. The resolution of this conflict, therefore, is a case of first impression.

In resolving the conflict, the Court should attempt to reconcile the statutes and, if possible, to give effect to both. City and County of Denver v. School District No. 1 in City and County of Denver, 94 Colo. 406, 30 P.2d 866 (1934); People ex rel. Roberg v. Board of County Commissioners of Chaffee County, 86 Colo. 249, 281 P. 117 (1929).

Plaintiff's counsel in his brief reviewed the history of the two sections of the statute. What is now Chapter 87, Article 1, Section 17 was first enacted in 1861 and in its original form is identical to the present section except that the words "If any person entitled to bring any action mentioned in *this act* * * *" appearing in the 1861 statute have been changed to read, "If any person entitled to bring any action mentioned in *this article* * * *".

Chapter 87, Article 2 was first enacted in 1939 (1939 Session Laws, page 449). Section 9 of the 1939 Act repealed all Acts or parts of Acts in conflict or inconsistent therewith. This indicates an intention of the Legislature to repeal the 1861 statute.

However, when the Legislature in 1953 revised the Colorado Statutes, it also re-enacted those statutes contained in the revision. The provisions of the 1861 statute were re-enacted as Chapter 87, Article 1, Section 19 with the alteration previously mentioned. Chapter 87, Article 1, Section 19 of the 1953 Revised Statutes appears in the 1963 Revised Statutes as Chapter 87, Article 1, Section 17.

The substance of the 1939 Act was also re-enacted by and incorporated in the 1953 Revised Statutes as Chapter 87, Article 3 thereof but that portion of the 1939 Act repealing all Acts and parts of Acts in conflict or inconsistent with it was not re-enacted by the 1953 revision and does not appear as a part of Chapter 87, Article 3 nor does it appear in the 1963 revision wherein the 1939 Act appears as Chapter 87, Article 2.

From this history, we conclude that it was the intent of the Legislature to re-enact both statutes and that Chapter 87, Article 1, Section 17 and Chapter 87, Article 2, Section 3 of the Colorado Revised Statutes of 1963 are both in force and effect and, as we have previously noted, the Court should, if possible, construe these statutes so as to give effect to both of them.

By its terms Chapter 87, Article 1, Section 17 is applicable only to those actions described in Chapter 87, Article 1. The present action is among those so described.

Chapter 87, Article 2 contains no express limitation as to the kinds of actions to which it is applicable. A construc-

tion of Chapter 87, Article 2 which would exclude its application to those actions described in Article 1 would give effect to both statutes and the Court concludes that such is the construction which should be given.

Since the present action is one of those described in Chapter 87, Article 1, the plaintiff had six years after she became 21 years of age within which to commence the action. The action was instituted within that period and the action is not barred by any applicable statute of limitation of the State of Colorado.

It is therefore ordered that the defendant's motion to dismiss the complaint on the ground that the action is barred by the statute of limitations is denied.