538 P.2d 477 (1975)
Russell D. WHISLER, Plaintiff-Appellant,
v.
Joseph C. KUCKLER et al., Defendants-Appellees,
Bill Davis, Defendant.
No. 75-027.
Colorado Court of Appeals, Div. I.
June 24, 1975.
Rehearing Denied July 8, 1975.
Certiorari Granted August 18, 1975.
*478 Joseph R. Marranzino, Stephen E. Tinkler, Denver, for plaintiff-appellant.
Naiman & Diamond, Chris J. Diamond, Geer Goodwin & Chesler, Robert E. Goodwin, Denver, for defendant-appellee, Joseph C. Kuckler.
Bruno, Bruno & Bruno, Louis B. Bruno, Denver, for defendant-appellee, Paige O. Lyda.
Wesley H. Doan, William J. Chisholm, Asst. City Atty., Denver, for defendant-appellee, the City and County of Denver.
Wood, Ris & Hames, F. Michael Ludwig, Denver, for defendant-appellee, Stout Street Electric Co., Inc.
Selected for Official Publication.
BERMAN, Judge.
Plaintiff, Russell D. Whisler, appeals from an order of the district court dismissing his complaint. We reverse.
Plaintiff instituted this action on July 19, 1974, seeking to recover damages for assault and battery, false arrest, and false imprisonment. Plaintiff's complaint alleged that the acts were committed on September 16, 1972, at which time he was a minor, having been born on February 20, 1952.
Defendants answered denying the allegations and moved for judgment on the pleadings on the ground that recovery on the plaintiff's complaint was barred by the statute of limitations, §§ 13-80-102 and 13-80-116, C.R.S. 1973 (C.R.S. 1963, 87-1-2 *479 and 87-1-17). After hearing, the trial court granted defendants' motion and this appeal followed.
Plaintiff contends that the trial court erred in determining that § 13-80-116, C.R.S. 1973, was the controlling statute for persons under disability. Plaintiff argues that since his disability was removed on February 20, 1973, when he reached the age of majority, the applicable statute is § 13-81-103(1)(c), C.R.S. 1973 (C.R.S. 1963, 87-2-3(1)(c)), under which he had until February 20, 1975, to commence his action.
The statutes to be construed read as follows:
"Actions barred in one year. All actions for assault and battery, false imprisonment, slander, and libel shall be commenced within one year after the cause of action accrues, and not afterwards."
Section 13-80-102, C.R.S. 1973.
Section 13-80-116, C.R.S. 1973, provides:
"Persons under disability. If any person entitled to bring any action mentioned in this article is under the age of twenty-one years . . . at the time the cause of action accrues, such person may bring said action within the time in this article respectively limited after the disability is removed."
Article 81, entitled "LimitationsPersons Under Disability," contains the following pertinent provisions:
"Statute begins to runwhen. (1) When in any of the statutes of the state of Colorado a limitation is fixed upon the time within which a right of action, right of redemption, or any other right may be asserted either affirmatively or by way of defense, or an action, suit, or proceeding based thereon may be brought, commenced, maintained, or prosecuted, and the true owner of said right is a person under disability at the time such right accrues, then:

. . . . . .
(c) If the disability of any person is terminated before the expiration of the period of limitation . . . and no legal representative has been appointed for him, then such person shall be allowed to take action within the period fixed by the applicable statute of limitations, or within two years after the removal of the disability, whichever period expires the later." Sections 13-81-103(1) and 13-81-103(1)(c), C.R.S. 1973.
Section 13-81-101, C.R.S. 1973 (C.R.S. 1963, 87-2-1), defines "applicable statute of limitations" as "any statute of limitations which would apply in a similar case to a person not a person under disability." A "person under disability" is defined as "a minor, mental incompetent, or any person under any other legal disability." No legal representative was appointed for the plaintiff during his minority.
A study of § 13-80-116, C.R.S. 1973, and § 13-81-103(1) (c), C.R.S. 1973, reveals that these two sections are in conflict when an attempt is made to determine the time limit within which one may bring an action for assault and battery or false imprisonment after attaining majority. Specifically, one statute would allow such an action to be brought within two years after removal of the disability, while the other statute would bar the action after one year. This conflict has not previously been addressed by our courts.
In determining the application of these provisions we are guided by the principle that statutes be construed in pari materia so as to give effect to the legislative intent and to avoid inconsistencies and absurdities. Sections 2-4-201 and 2-4-206, C.R.S. 1973 (C.R.S. 1963, 135-1-201 and 135-1-206). Howe v. People, 178 Colo. 248, 496 P.2d 1040.
The history of the above sections reveals that what is now § 13-80-116, C.R.S. 1973, was first enacted in 1861 and has remained substantially the same to the present. What is now § 13-81-103(1) (c), C.R.S. 1973, was first enacted by Colo.Sess.Laws 1939, ch. 126 at 449, and contained a clause which repealed "all acts and parts in conflict with or inconsistent with this act." *480 Although no judicial determination has been previously made by our appellate courts with regard to these enactments, it is apparent that the clause in the 1939 act effectively repealed the provision of the 1861 act then in effect with respect to the time within which those classes of persons covered by the 1939 act could institute actions.
When the 1953 Colorado Revised Statutes were adopted by the legislature, the provisions of the 1861 statute were reenacted as chapter 87, article 1, section 19, thereof, and again as chapter 87, article 17, of the 1963 Revised Statutes. The substance of the 1939 act was also adopted and reenacted in the 1953 Colorado Revised Statutes as chapter 87, article 3, but sections 8 through 13 of the 1939 act which contained the effective date, the repealing, constitutionality, severability, safety, and emergency clauses were not made a part of the 1953 Revised Statutes, nor do those sections appear in either the 1963 or 1973 Revised Statutes.
It is the omission of the repealing clause contained in section 9 of the 1939 act in 1953 and subsequent revisions which results in the present dilemma.
The defendants urge that the deletion of section 9 of the 1939 act in the 1953 and subsequent revisions is indicative of a legislative intent that both of these provisions stand and that, therefore, the disability provision found at § 13-80-116, C.R.S. 1973, is controlling. For this interpretation they cite Johnson v. Dodrill, 265 F. Supp. 243 (D.Colo.). Plaintiff, on the other hand, urges us to give effect to both provisions or to declare § 13-81-103, C.R. S. 1973, controlling since it was a later enactment.
We are not persuaded that the omission of the general repealing clause from the present statutory codification evidences a legislative intent that both of the provisions in question remain in effect. We are reinforced in this view from a general survey of numerous other statutes enacted by our legislature in 1951 and subsequently reenacted in the 1953 Colorado Revised Statutes in which the general repealing language does not appear. We do not view the systematic elimination of this general repealing language as evidence of a legislative intent that any conflicting provisions in existing laws remain in effect, as Johnson v. Dodrill, supra, might indicate.
"A legislative intent to change the meaning of statutes in the course of a general revision will not be inferred unless the intent is clearly and indubitably manifested." Davis v. Conour, 178 Colo. 376, 497 P.2d 1015. We find no such clear intent manifested by the deletion of section 9 of the 1939 act in the 1953 Revised Statutes.
"A specific legislative declaration that a later law repeals any provisions of an earlier law in conflict with the later law is superfluous since a later law automatically repeals an earlier law which conflicts with it." Colorado v. Beckman, 149 Colo. 54, 368 P.2d 793. Hence, we do not attach the same significance to the deletion of the general repealing clause of the 1939 act as did the court in Johnson v. Dodrill, supra. Rather, we look to the statutes as they exist and if two provisions of our revised statutes are in conflict, the one enacted last prior to the adoption of the revision will control. Colorado v. Beckman, supra.
This court has previously held that what is now article 81 "applies to all limitations of time contained in any of the statutes of" Colorado. Ball v. Industrial Commission, 30 Colo.App. 583, 503 P.2d 1040. With respect to the time when minors may bring suit, and consistent with our ruling in Ball, supra, we hold that article 81 of section 13, C.R.S. 1973, supersedes § 13-80-116, C.R.S. 1973, and that therefore the plaintiff instituted his action within the time allowed and the action should not have been dismissed.
The judgment is reversed with directions to reinstate the complaint.
COYTE and PIERCE, JJ., concur.