## No. C-753

**Joseph C. Kuckler, Paige O. Lyda, The City and County of Denver, a Municipal corporation, Bill Davis, and Stout Street Electric Co., Inc., a Colorado corporation v. Russell D. Whisler**

(552 P.2d 18)

Decided July 12, 1976.                     Rehearing denied August 3, 1976.

Bruno, Bruno and Bruno, Louis B. Bruno; Wesley H. Doan, F. Michael Ludwig, Chris J. Diamond; Robert E. Goodwin, William J. Chisholm, for petitioners.

Joseph R. Marranzino, Stephen E. Tinkler, for respondent.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

The respondent, Whisler, brought an action against the petitioners for assault and battery, false arrest and false imprisonment. The district court ruled that under one statute of limitations the action was barred. The court of appeals reversed, 36 Colo. App. 200, 538 P.2d 477 (1975), holding that another statute of limitations was applicable and under it the action was not barred. We granted certiorari, and now reverse the court of appeals and affirm the district court.

The alleged incidents upon which the complaint was predicated occurred on September 16, 1972. The respondent was born on February 20, 1952, and, therefore, was of the age of twenty years and seven months at the time of the incidents. The action was commenced on July 19, 1974, being a year and ten months following the incidents. In other words, the action was commenced one year and five months following the twenty-first birthday of the respondent.

The district court acted under sections 13-80-102 and 116, C.R.S. 1973, which were originally enacted in 1861, and which relate to assault and battery, false imprisonment, slander and libel. The limitation in which an action must be commenced is fixed at one year. It further provides that, if a person entitled to bring an action under this statute is under the age of twenty-one years, the person may commence it one year after he or she reaches twenty-one years of age. We refer to this statute as the 1861 act.

The court of appeals applied section 13-81-103(1)(c), C.R.S. 1973. This statute refers to actions generally, and provides that a person is entitled to bring an action within two years after disability is terminated. This statute was enacted in 1939, and is referred to here as the 1939 act.

Both the 1861 act and the 1939 act were contained in the three sets of Colorado Revised Statutes under the years of 1953, 1963 and 1973. The 1939 act contained a clause which repealed "all acts and parts in

conflict with or inconsistent with this act." This repealing clause was not placed in the revisions of the 1953, 1963 and 1973 statutes. Petitioners argue that, since repeal was not mentioned in the 1953 Colorado Revised Statutes, both statutes have remained in full force and effect, and they cite *Johnson v. Dodrill*, 265 F. Supp. 243, (D. Colo. 1967).

There is a far stronger reason for the conclusion that both statutes remain enacted. The effect of C.R.S. '53, 135-4-2 was to re-enact both statutes.[1] *See Colorado v. Beckman*, 149 Colo. 54, 368 P.2d 793 (1961). Therefore, the repealer in the 1939 act is inapplicable.

The question before us, rather, is whether the effect of the 1939 act is to impliedly repeal the 1861 act, or whether under provisions of the 1939 act the 1861 act cannot be applied. We find the legislative intent to be such that both questions should be answered in the negative.

■ At times the courts find themselves in an uncomfortable position by being obliged to make one of two or more possible constructions of a statute, based upon the court's notion of what the legislative intent has been.[2] We believe and hold that the legislative intent has been to retain the one year statute of limitations with respect to those actions mentioned in the 1861 act.

■ To hold otherwise would be to say that it was the legislative intent for a person twenty years and eleven months of age when assaulted to have two years and a month within which to bring an action, whereas, if that person was twenty-one years and one month of age at the time of the assault, the action must be brought within one year. Further, the 1861 act provided for specific types of actions and the statutes of limitation applicable thereto. Absent clear expression of an intent to make an existing special statute inapplicable, the special statute is to be given effect. *See El Paso County v. Shelden*, 59 Colo. 499, 149 P. 616 (1915); *Denver v. Rinker*, 148 Colo. 441, 366 P.2d 548 (1961).

We overrule those portions of *Ball v. Industrial Commission*, 30 Colo. App. 583, 503 P.2d 1040 (1972) which may be in conflict with this opinion.

Our conclusion is predicated upon a further reason, not heretofore mentioned. In Colo. Sess. Laws 1975, ch. 56, 13-80-116 at 209, the General Assembly amended the 1861 act by changing the age of termination of disability from 21 years to 18 years. This indicates that the General Assembly wished the 1861 act to continue to be effective.

Judgment reversed and cause remanded to the court of appeals with directions to affirm the district court.

---

[1] While Colorado Revised Statutes 1973 were compiled after the incidents here involved, section 2-5-124, C.R.S. 1973, (1975 Supp.), again has the effect of re-enacting these two statutes.

[2] *R. Dickerson, The Interpretation and Application of Statutes* (1975).

MR. JUSTICE HODGES did not participate.