**Ernest A. McKINNEY, Plaintiff,**

v.

**ARMCO RECREATIONAL PRODUCTS, INC., an Ohio Corporation, et al., Defendants.**

**Civ. A. No. 76-A-166.**

United States District Court, D. Colorado.

Aug. 4, 1976.

Grossman, Galchinsky, Silverstein & Grossman, Alan M. Grossman, Denver, Colo., for plaintiff.

Gorsuch, Kirgis, Campbell, Walker & Grover, by John L. Ferguson and Michael J. Wadle, Denver, Colo., for defendants.

MEMORANDUM OPINION AND ORDER

ARRAJ, Chief Judge.

At issue is defendant's renewed motion to dismiss plaintiff's claims arising under 42

---

U.S.C. §§ 1981 and 1985 because of the asserted bar of applicable state statutes of limitations. The federal claims were in addition to alleged violations by defendants of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.* Related matters leading up to the present controversy have been resolved in previous orders of the Court issued May 4, 1976, and May 21, 1976.

The present difficulty arises from the fact that the Complaint was not filed until February 18, 1976, yet is based on actions occurring on or about October 6, 1972. In our opinion in *Solano v. Sears, Roebuck and Company,* 75–A–931 (January 23, 1976) we held that since there is no specifically stated or otherwise relevant federal statute of limitations the controlling period would be the "most appropriate one provided by state law." We then adhered to an earlier determination that the "most appropriate" state statute of limitations was either the two-year "federal action" provision, Colo.Rev. Stat.Ann. § 13–80–106 (1973), or the three-year "residuary" statute, Colo.Rev.Stat. Ann. § 13–80–108(b) (1973). It was not necessary to choose between the two at that time. If as in *Solano* the periods of limitations in this case began to run on the date of the alleged discriminatory actions the claims would likewise be barred under either state statute. However, plaintiff's counsel has belatedly presented the argument that the statutes of limitations were tolled because at the time of the asserted acts of discrimination plaintiff was a minor. Since we have previously determined to consider the effect of plaintiff's minority we must now determine which state tolling provision is applicable and its effect on plaintiff's claims.

Plaintiff was born on May 5, 1953. At the time of the occurrence of the acts here challenged he was nineteen years old. Colo. Rev.Stat.Ann. § 13–80–116 (1973) as written in 1972 provided:

If any person entitled to bring any action mentioned *in this article* is under the age of twenty-one years, insane, imprisoned, or absent from the United States at the time the cause of action

accrues, such person may bring said action *within the time in this article respectively limited after the disability is removed.* (emphasis added).

It is apparent that under this provision the applicable statute of limitations is tolled and does not begin to run until the disability is removed. However, another seemingly applicable provision, Colo.Rev.Stat.Ann. § 13–81–103(1)(c), states as follows:

If the disability of any person is terminated before the expiration of the period of limitation . . . and no legal representative has been appointed for him, then such person shall be allowed to take action *within the period fixed by the applicable statute of limitations, or within two years after the removal of the disability, whichever period expires later.* (emphasis added).

Pursuant to § 13–81–103(1)(c) the applicable statute of limitations is not tolled, but rather continues to run. However, even if the period in which suit may be brought expires a plaintiff still has two years in which to initiate an action.

The utilization of one or the other "tolling" provision can be a matter of some consequence. For example, if a cause of action accruing to a minor arises under a six-year statute of limitations, but the action is not actually brought until seven years later—which is three years after the minor has reached the age of majority—the action would be barred under § 13–81–103(1)(c) since it would be more than six years after accrual and more than two years after reaching the age of majority. However, it could still be maintained under § 13–80–116 since it would be less than six years since the age of majority.

On the other hand, were a cause of action to accrue to a minor under a one-year statute of limitation but not be filed until one year and ten months later—one year and five months after reaching the age of majority—the action would be barred under § 13–80–116, being more than one year since the age of majority, but could still be brought under § 13–81–103(1)(c) because of its proviso that any action may be brought

within two years after the disability is removed. While these may seem merely academic considerations these examples are in fact the circumstances of cases previously before the federal and state courts of Colorado in which the appropriate "tolling" provision had to be determined. *Johnson v. Dodrill*, 265 F.Supp. 243 (D.Colo.1967) (Chilson, J.); *Kuckler v. Whisler,* —— Colo. ——, 552 P.2d 18 (1976). As will be seen, the difference is critical in this case as well.

Plaintiff asserts that it is not necessary to the resolution of this case to determine which tolling provision is applicable. The reasoning is that if § 13–80–116 applies, then even should the Court adopt the two-year "federal action" limitation the two years would run from the time the disability was removed—allegedly May of 1974 when plaintiff turned twenty-one—and the suit would not be barred. Similarly, if § 13–81–103(1)(c) controls, plaintiff contends that he would again have two years from the time the disability was removed in May of 1974 and thus the claims could not be dismissed.

■ The problem with plaintiff's analysis, as defendant correctly points out, is that it ignores yet another provision of the Colorado Statutes, Colo.Rev.Stat.Ann. § 13–22–101 (1973), which states in part:

> *Competence of persons eighteen years of age or older.* (1) Notwithstanding any other provision of law enacted or any judicial decision made prior to July 1, 1973, every person, otherwise competent, shall be deemed to be of full age at the age of eighteen years or older for the following specific purposes:
>
> .    .    .    .    .
>
> (c) To sue and be sued in any action to the full extent as any other adult person in any of the courts of this state, without the necessity for a guardian ad litem or someone acting in his behalf.    .    .    .

The statute became effective July 1, 1973. Colo.Sess.Laws 1973, 41–4–1 at 544. It would therefore appear that plaintiff's "disability" was prospectively removed on that date, at which time he was twenty years old, and not May 5, 1974. If so, under § 13–81–103(1)(c) plaintiff's claims would be barred regardless of whether the two-year or three-year statute of limitations were applicable because the Complaint was filed more than three years after the action accrued and more than two years after the disability was removed in July of 1973. On the other hand, were § 13–80–116 controlling plaintiff's claims under §§ 1981 and 1985 would not necessarily be barred; but even utilizing this tolling provision the claims could be maintained only if the Court also found the three-year period of limitations should apply. This is because the Complaint was filed more than three years after the action accrued and more than two years, but less than three, after July 1, 1973.

Plaintiff contends that § 13–22–101 is not relevant, however, first because it is not even a statute of limitations. This misses the point. Both statutes of limitations in question deal with periods of time which begin to run from the moment any described disability is removed. Section 13–22–101 specifies that moment when the "disability" or minority is removed.

Plaintiff next points out that the provision contradicts § 13–80–116 which explicitly refers to those under the age of twenty-one. At the same time the Court's attention is directed to the fact that in 1975 the state legislature amended § 13–80–116, changing the age of minority from twenty-one to eighteen years. Plaintiff argues that the amendment is superfluous if § 13–22–101 had already made the age of majority eighteen for purposes of tolling statutes of limitations. The argument proves too much. The fact that the legislature amended § 13–80–116 in 1975 indicates that it was bringing the provision into conformity with its previously enacted § 13–22–101, and thus reinforces that the age of majority was meant to be eighteen.

The Court is aware that the Colorado Supreme Court in *Kuckler v. Whisler, supra,* did not mention § 13–22–101 in reconciling the two tolling provisions here in question even though it would appear to

have been relevant. However, there is no indication that its possible relevancy was ever brought to the state court's attention.

We also note that the provision is not found in the Article concerning personal actions but rather is located in the Article pertaining to contracts and agreements. Nevertheless, there is no indication that the Revisor's placement was other than a matter of convenience. Separate subsections of the statute do deal with contracts and agreements. Certainly the Title of § 13–22–101 and the relevant language of the subsection in question do not suggest that the state legislature intended to change the age of majority for bringing actions on contract but not for personal actions. *Cf., Jones v. O'Connell*, 87 Colo. 103, 285 P. 762 (1930). We conclude that § 13–22–101 is applicable and that plaintiff's disability was removed on July 1, 1973. It must therefore be determined whether the restrictions on the running of any period of limitations are those of § 13–80–116 or § 13–81–103(1)(c), and if the former, whether the two or three year state statute of limitation applies.

In *Johnson v. Dodrill, supra*, our colleague in a well reasoned opinion resolved the seeming conflict in the application of the two tolling provisions by reviewing their legislative history and concluding that the earlier enacted § 13–80–116 and § 13–81–103 were both still in force and effect, with the former applying to and controlling as to those limitations of actions described in the same article with § 13–80–116, for the most part dealing with personal causes of action.

The Colorado Court of Appeals subsequently disagreed with the federal court's analysis and reached the conclusion that § 13–80–116 had been superseded by § 13–81–103, *Whisler v. Kuckler*, 538 P.2d 477 (Colo.App.1975). That decision, however, was recently reversed by the Colorado Supreme Court. *Kuckler v. Whisler, supra.* Consistent with the reasoning of Judge Chilson the State Supreme Court held that both provisions remain in full force and effect with § 13–80–116 applying to the one

year limitation on the personal action there involved.

■ The causes of action in this case would likewise appear to require that § 13–80–116 control rather than § 13–81–103 since the two statutes of limitations here in question are both times "in this article respectively limited." Colo.Rev.Stat.Ann. § 13–80–116 (1973). Thus, we must next determine whether the two-year federal action statute should apply—which, even utilizing the tolling provisions of § 13–80–116, would bar the claims under §§ 1981 and 1985; or whether instead the three-year residuary provision should apply—which, when tolled under § 13–80–116 until July 1, 1973, would not.

■ The issue of the applicable state statute of limitations has been addressed by each of our colleagues in this district and by a previous member of this Court now sitting on our Court of Appeals. The conclusions reached have not been unanimous. However, the majority have determined that the two-year limitation is the most appropriate. *Ray v. Safeway Stores, Inc.,* 75–W–459 (March 18, 1976); *Castro v. Patterson,* 74–M–1189 (October 7, 1975); *Salazar v. Dowd,* 256 F.Supp. 220 (D.Colo.1966). We concur in their judgment and further hold that as presently enacted § 13–80–106 is not unconstitutional. Thus, plaintiff's claims under §§ 1981 and 1985 are barred by the applicable state statute of limitations. It is therefore once again

ORDERED that defendant's motion to dismiss claims arising under 42 U.S.C. §§ 1981 and 1985 should be, and the same hereby is granted.