**William CALVERT and Diane L. Calvert, Plaintiffs,**

v.

**ASPEN SKIING COMPANY, a Colorado general partnership, Defendant.**

Civ. A. No. 87–Z–1528.

United States District Court, D. Colorado.

Dec. 5, 1988.

James W. Buchanan, Robert A. Schuetze, Buchanan, Gray, Purvis & Schuetze, Boulder, Colo., for plaintiffs.

William W. Maywhort, Marcy G. Glenn, Michael S. Beaver, Holland & Hart, Englewood, Colo., Paul D. Nelson, Hancock, Rothert & Bunshoft, San Francisco, Cal., for defendant.

## ORDER DENYING MOTION TO DISMISS PLAINTIFFS' FIRST CLAIM FOR RELIEF

WEINSHIENK, District Judge.

This matter is before the Court on defendant's Motion To Dismiss Plaintiffs' First Claim For Relief. In this diversity action, plaintiffs seek damages for personal injuries and loss of consortium stemming from an accident wherein plaintiff William Calvert sustained injuries while skiing at a slope operated by defendant in Aspen, Colorado. Specifically, the Complaint sets forth claims for relief against defendant for (1) negligence; (2) deliberate failure to use reasonable care; and (3) loss of consortium.

In its Motion to Dismiss pursuant to Fed. R.Civ.P. 12(b)(6), defendant seeks dismissal of plaintiffs' negligence claim on the ground that common law negligence claims are preempted as a matter of law by C.R.S. § 13–21–115 (1986), which provides in pertinent part:

> (2) In any civil action brought against a landowner by a person who alleges injury occurring while on the real property of another and by reason of the condition of such property or activities conducted or circumstances existing on such property, the landowner shall be liable only as provided [herein]. . . .

The Court has reviewed carefully the statute itself and the parties' briefs, and concludes that C.R.S. § 13–21–115 does not preempt common law negligence claims in cases such as the present. The Court concludes that the Ski Safety Act, C.R.S. §§ 33–44–101––33–44–111 (1982), and *not* § 13–21–115, applies to ski accident cases such as the present. Defendant cites no legislative history, case law or other authoritative source to support its contention that the premises liability statute is the exclusive remedy in cases such as the present. Neither the statute itself nor the accompanying notes make any reference to preemption of common law claims in accident cases such as the present. The absence of such a reference is significant given the existence of the Ski Safety Act, which specifically regulates the ski industry.

Furthermore, C.R.S. § 2–4–205 (1980) dictates that the Court deny defendant's motion to dismiss plaintiff's negligence claim. This statute provides in pertinent part:

> . . . If a general provision conflicts with a special or local provision, it shall be construed, if possible, so that effect is given to both. If the Conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later adoption and the manifest intent is that the general provision prevail.

It is well settled that, when general and specific statutes conflict, the specific statute prevails. *See Kuckler v. Whisler,* 191 Colo. 260, 552 P.2d 18 (1976); *Shoenberg Farms, Inc. v. People ex rel. Swisher,* 166 Colo. 199, 444 P.2d 277 (1968). The Ski Safety Act is a specific provision which is an exception to the general rule promulgated in the premises liability statute, and which conflicts irreconcilably with the premises liability statute. Defendant argues that the premises liability statute and the Ski Safety Act are consistent, that the latter is merely a general provision no dif-

ferent in scope from the former, and that the manifest intent is that the former prevail over the latter. This Court disagrees.

The Ski Safety Act specifically and exclusively applies to the ski industry, which is a distinct subset of all landowners in Colorado. On the other hand, the general premises liability statute applies to any "landowner" on whose land an injury occurs. C.R.S. § 13–21–115(1). The Ski Safety Act does not abrogate common law causes of action for negligence. It merely creates certain presumptions which apply in ski accident cases. *See Pizza v. Wolf Creek Ski Development Corporation,* 711 P.2d 671, 677–78 (Colo.1985). However, § 13–21–115 abrogates all common law claims for negligence, which places it in conflict with the Ski Safety Act. Section 2-4-205 requires the Court to resolve this conflict by applying the specific provisions of the Ski Safety Act which permit the filing of common law claims for negligence.

Accordingly, for the reasons stated herein, it is

ORDERED that defendant's Motion To Dismiss Plaintiff's First Claim For Relief is denied.