961 F.2d 220
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Bradley J. STRATTON, Plaintiff-Appellant,
v.
VAIL ASSOCIATES, INC., a Colorado corporation;
Vail/Broadmoor, Inc., a Colorado corporation;
Defendants-Appellees,
and
Colorado College, a non-profit corporation, Defendant.
 No. 91-1212.
 United States Court of Appeals, Tenth Circuit.
 April 10, 1992.
 
 Before SEYMOUR and STEPHEN H. ANDERSON, Circuit Judges, and SAM,* District Judge.
 ORDER AND JUDGMENT**
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This is an appeal from summary judgment entered by the district court in favor of Defendants Vail Associates, Inc. and Vail/Broadmoor, Inc. Plaintiff brought this negligence action to recover for injuries suffered in an accident while practicing with the Colorado College ski team at Defendants' ski area. Relying on certain provisions of the Colorado Ski Safety Act of 1979, Colo.Rev.Stat. §§ 33-44-101 through 33-44-114, the district court held, as a matter of law, Plaintiff had assumed the risk of the particular condition that caused his injuries, and entered judgment for Defendants accordingly.[1]
 
 
 3
 We review this summary judgment determination de novo, applying the same legal standard used by the district court under Fed.R.Civ.P. 56(c). Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990). We likewise withhold deference and exercise de novo review with respect to the district court's underlying interpretation of the operative state statute. See United States v. Johnson, 941 F.2d 1102, 1111 (10th Cir.1991) (citing Salve Regina College v. Russell, 111 S.Ct. 1217, 1225 (1991)).
 
 
 4
 Recitation of a few pertinent facts is necessary to frame the legal issue raised by this appeal. At the time of Plaintiff's accident, the Colorado College ski team was engaged in a regularly scheduled practice at Defendants' ski area pursuant to a prior financial arrangement between the parties. The team was then not (1) involved in a competition, (2) preparing for one to be held at Defendants' ski area some time later, or even (3) using a course previously designated by Defendants for ski competition. Rather, the team was simply training on one of Defendants' public slopes in preparation for a competition to be held elsewhere at some future date. On his second run through the practice course set up by the team, Plaintiff fell, slid downhill for a distance, and allegedly struck an exposed steel ladder rung on an otherwise padded lift tower.
 
 
 5
 The particular statutory provision relied on by the district court for its holding that Plaintiff had assumed the risk of his injury reads as follows:
 
 
 6
 (1) The ski area operator shall, prior to the beginning of a competition, allow each competitor a reasonable visual inspection of the course or area where the competition is to be held.
 
 
 7
 (2) The competitor shall be held to assume the risk of all course conditions including, but not limited to, weather and snow conditions, course construction or layout, and obstacles which a visual inspection should have revealed. No liability shall attach to a ski area operator for injury or death of any competitor proximately caused by such assumed risk.
 
 
 8
 Colo.Rev.Stat. § 33-44-110. Attributing to the quoted language its commonly accepted and understood meaning, see Climax Molybdenum Co. v. Walter, 812 P.2d 1168, 1173 (Colo.1991); Triad Painting Co. v. Blair, 812 P.2d 638, 644 (Colo.1991), we are constrained to conclude that section 33-44-110 does not, at least on the strength of its own plain terms, apply to the facts presented here. Plaintiff's injury simply did not arise from the condition of a course or area where a competition was to be held.
 
 
 9
 However, the district court's analysis did not end with section 33-44-110. In accordance with the general principle that the various sections of a statute must be read as a whole, see Adams County Sch. Dist. No. 50 v. Dickey, 791 P.2d 688, 691 (Colo.1990), as well as the corollary that definitional provisions ordinarily control the judicial interpretation of defined terms employed elsewhere in the statute, see Industrial Comm'n v. Northwestern Mut. Life Ins. Co., 88 P.2d 560, 563 (Colo.1939); In re Storage Technology Corp., 48 B.R. 862, 865 (D.Colo.1985), the district court read section 33-44-110 very broadly in light of the definition of "competitor" in section 33-44-103(2), which includes "a skier actually engaged in competition or in practice therefor...." (Emphasis added.) See order regarding motions for summary judgment at 9. Thus, the district court held that "the plaintiff assumed any risks when he 'engaged in the practice' for an upcoming competition. That [Defendants' ski area] was not holding the actual competition or that the competition was not occurring in the immediate future is of no consequence under the express language of the statute." Id.
 
 
 10
 The statutory language emphasized by the district court must, however, be read in conjunction with the qualifying phrase which directly follows, see Estate of David v. Snelson, 776 P.2d 813, 818 (Colo.1989), and the latter limits the notion of practice-for-competition to practice runs on a "slope or trail or portion thereof designated by the ski area operator for the purpose of competition." Section 33-44-103(2) (emphasis added). As already indicated in our recitation of the pertinent facts, Defendants do not even assert, much less attempt to substantiate by reference to the record, that the slope used by the ski team on the occasion of Plaintiff's injury was currently--or had ever been--designated for competition, as opposed to practice. This concession is fatal to Defendants' assumption of risk defense under the plain terms of the statute, with which our inquiry properly begins and ends. See Thiret v. Kautzky, 792 P.2d 801, 806 (Colo.1990); Kane v. Town of Estes Park, 786 P.2d 412, 415 (Colo.1990).
 
 
 11
 The limited scope of our disposition bears emphasis. The sole issue raised, argued, and resolved on this appeal concerns the applicability of the assumption of risk defense set out in section 33-44-110. We express no opinion whatsoever regarding the viability of Plaintiff's negligence claim, or the merits of Defendants' numerous other potential defenses thereto, under the statutory provisions and common law principles governing the duties of skiers and ski area operators generally, see Colo.Rev.Stat. §§ 33-44-104, -106 to -110; Pizza v. Wolf Creek Ski Dev. Corp., 711 P.2d 671, 677-78 (Colo.1985); Calvert v. Aspen Skiing Co., 700 F.Supp. 520, 522 (D.Colo.1988).
 
 
 12
 The judgment of the United States District Court for the District of Colorado in favor of Defendants Vail Associates, Inc. and Vail/Broadmoor, Inc. is REVERSED, and the cause is REMANDED for further proceedings.
 
 
 
 *
 Honorable David Sam, District Judge, United States District Court for the District of Utah, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 A third defendant, Colorado College, sought and was denied summary judgment on other grounds. However, shortly after this appeal was filed, Colorado College was dismissed out on stipulation. We therefore have jurisdiction pursuant to the ripening principle established in Lewis v. B.F. Goodrich Co., 850 F.2d 641, 645 (10th Cir.1988)