No. 26337

The People of the State of Colorado ex rel. Terrance Lee Farina, District Attorney in and for the 21st Judicial District, State of Colorado v. The District Court of the 21st Judicial District and the Honorable James J. Carter, presiding judge thereof

(521 P.2d 778)

Decided April 8, 1974.

Terrance Lee Farina, District Attorney, James M. DeRose, Special Prosecutor, for petitioner.

Younge, Hockensmith & Griffin, Kirk Rider, for John Valentine Hanauer, Jr., amicus curiae.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

This original proceeding was filed by the Mesa County

district attorney seeking relief in the nature of prohibition. The petition seeks to prevent the District Court of the Twenty-First Judicial District from holding a preliminary hearing after the defendant waived a preliminary hearing and was bound over by the Mesa County Court on criminal charges. We issued a rule to show cause and now make the rule absolute.

A complaint was filed on December 6, 1973, in the Mesa County Court charging John Valentine Hanauer, Jr. with first-degree criminal trespass and grand theft. 1971 Perm. Supp., C.R.S. 1963, 40-4-502; 1971 Perm. Supp., C.R.S. 1963, 40-4-401. Hanauer, acting *pro se,* requested a preliminary hearing on both charges. The court appointed counsel to represent Hanauer and set a date for the preliminary hearing. At a subsequent appearance on the charges, Hanauer withdrew his request for a preliminary hearing and signed a preliminary hearing waiver form which stated, in part: ". . . being advised of the nature of the charge against him and of his right to a preliminary hearing in the County Court, [Hanauer] hereby waives in Open Court his right to such preliminary hearing and consents that this cause be bound over to the District Court forthwith." The cause was then bound over to the district court and an information was filed in that court, pursuant to Crim. P. 7(b)(2), charging Hanauer with the same crimes.

On January 20, 1974, Hanauer made his first appearance in the district court with defense counsel and requested a preliminary hearing. The district court judge, the respondent in this action, granted Hanauer's request over the district attorney's objection. Prior to the date scheduled for the preliminary hearing, the district attorney filed an original proceeding in the nature of prohibition with this court, pursuant to C.A.R. 21(a). In his petition for relief under C.A.R. 21(a), the district attorney alleged that under the Colorado Rules of Criminal Procedure and the statutes of this state, a district court was not vested with the power to restore a defendant's statutory right to a preliminary hearing once the defendant had waived that right in the county court bind-over proceedings. We agree.

 In Colorado, the preliminary hearing is held for the limited purpose of determining if probable cause exists to believe that the crime or crimes charged were committed by the defendant. 1971 Perm. Supp., C.R.S. 1963, 40-1-504; Colo. Sess. Laws 1973, ch. 142, 39-5-301 at 499; Crim. P. 5; Crim. P. 7. The preliminary hearing was created as a screening device to afford the defendant an opportunity to challenge the sufficiency of the prosecution's evidence to establish probable cause before an impartial judge. *People v. Quinn,* 183 Colo. 245, 516 P.2d 420 (1973). *See Costello v. United States,* 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956); 8 *J. Moore, Federal Practice* § 5.1 (2d ed. 1965); 1 *C. A. Wright, Federal Practice and Procedure* § 80 (1969); Comment, 15 Kan. L. Rev. 374 (1967). If, however, the defendant elects to waive the preliminary hearing and to proceed to trial, the waiver operates as an admission by the defendant that sufficient evidence does exist to establish probable cause that the defendant committed the crimes charged. *See Giordinello v. United States,* 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503 (1958).

 Crim. P. 5 and Crim. P. 7 set forth the specific requirements which must be met by the defendant in order to obtain a preliminary hearing. Our Rules recognize that a defendant may not only demand a preliminary hearing, but may also waive the preliminary hearing. In fact, Crim. P. 5(c)(1), when construed with Crim. P. 5(d), establishes that an affirmative waiver is not necessary to cause a defendant to lose his right to demand a preliminary hearing. Crim. P. 5 provides, in pertinent part:

"(c) *Preliminary Hearing — Procedure*

"(1) Within ten days after the defendant is brought before the court . . . the defendant . . . may file a written motion for a preliminary hearing to determine whether probable cause exists to believe that the offense charged in the complaint has been committed by the defendant . . . .

. . . .

"(3) . . . . If the county judge determines such probable cause does exist, he shall order the defendant bound over to the appropriate court of record *for trial.* [Emphasis added.]

"(d) *Procedure Upon Failure to File Motion for Preliminary Hearing*

"If the defendant ... fails to file a motion requesting a preliminary hearing within ten days after he has come before the court, the county judge *shall forthwith* order the defendant bound over to the appropriate court of record *for trial.* [Emphasis added.]

Thus, Crim. P. 5 creates a waiver by operation of law which arises out of the defendant's silence. In our view, the waiver which arises out of an application of the rule occurs when a defendant fails to request a preliminary hearing. If the defendant waives a preliminary hearing in the county court, he must be bound over *for trial,* and not for a subsequent preliminary hearing in the district court. A written waiver submitted to the court, such as the one signed by the defendant in this case, has the same effect.

The defendant in this case, however, as *amicus curiae,* contends that Crim. P. 7(g)(1), which governs preliminary hearings held in the district court, expressly forbids the filing of a motion for a preliminary hearing in only those cases which are founded upon an indictment and that, as a result, the district court has inherent power to grant a preliminary hearing in *all* non-indictment cases. Such a contention has no merit.

 The Colorado Rules of Criminal Procedure must be read in *pari materia. State v. Beckman,* 149 Colo. 54, 368 P.2d 793 (1961); *Dines v. Harris,* 88 Colo. 22, 291 P. 1024 (1930). Moreover, the opening sentence of Crim. P. 7(g) limits the applicability of that section to those cases which are instituted in the district court by direct information filed under Crim. P. 7(b)(3).[1] In this case, however, the defendant

---

[1] Crim. P. 7(b)(3) allows a prosecuting attorney to file a direct information against a person in only three situations: (1) where the criminal proceedings are *initially* instituted in the district court; (2) where proceedings were initially begun in the county court and the preliminary hearing which was held in that court pursuant to Crim. P. 5(c) resulted in the defendant being discharged; or (3) where the complaint upon which the preliminary hearing was held in the county court and the other records of the county court proceeding have not

was bound over to the district court under the mandatory provisions of Crim. P. 5(d), and the district attorney filed the required information in the district court, pursuant to Crim. P. 7(b)(2), and not Crim. P. 7(b)(3). As a result, the express language contained in Crim. P. 7(g) and Crim. P. 7(b)(3) make it clear that the district court preliminary hearing provisions do not apply, and the district court was not authorized or empowered under the applicable Rules of Criminal Procedure to grant the defendant a preliminary hearing.

Accordingly, since the district court did not have the power under our Rules of Criminal Procedure to order a preliminary hearing in the district court, the district judge exceeded the court's jurisdiction in granting the defendant's motion for a preliminary hearing.

The rule to show cause is made absolute.

MR. JUSTICE DAY does not participate.

---

been delivered to the district court. When Crim. P. 7(g) is read in conjunction with Crim. P. 7(b)(3), it becomes apparent that the defendant, in only the three instances specified in the Rule, can cause the district court to hold a preliminary hearing.