591 P.2d 589 (1978)
The PEOPLE of the State of Colorado, Plaintiff-Appellee,
v.
Thomas Duane SHOCKLEY, Defendant-Appellant.
No. 78-145.
Colorado Court of Appeals, Div. II.
November 24, 1978.
Rehearing Denied December 21, 1978.
Certiorari Denied February 26, 1979.
*590 J. D. MacFarlane, Atty. Gen., David W. Robbins, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Felipe V. Ponce, Kathleen M. Bowers, Asst. Attys. Gen., Denver, for plaintiff-appellee.
Videon & Thornberry, Thomas C. Thornberry, Craig, for defendant-appellant.
ENOCH, Judge.
Defendant appeals from a judgment entered on a jury verdict finding him guilty of obstructing a peace officer. We affirm.
Events leading to the charges against defendant occurred in a bar in Craig, Colorado. Defendant was arrested for disorderly conduct under the Craig Municipal Ordinance No. 131, and was taken to the county jail to be booked. During the booking procedure defendant was uncooperative, refusing to give any information to the jailer. When the jailer attempted to empty defendant's pockets, a scuffle ensued, and the jailer fell through a plate glass window. Defendant was subsequently charged with obstructing a peace officer, in violation of § 18-8-104, C.R.S.1973.
Defendant argues that the prosecution failed to prove the elements of the charge under § 18-8-104(1), C.R.S.1973, which states:
"A person commits obstructing a peace officer . . . when, by using or threatening to use violence, force, or physical interference, or obstacle, he intentionally obstructs, impairs, or hinders the enforcement of the penal law or the preservation of the peace by a peace officer acting under color of his official authority . . . ."
Defendant first contends that the jailer was not a peace officer within the meaning of the statute. Section 18-1-901(3)(1), C.R.S.1973 (1976 Cum.Supp.) defines peace officer to include a sheriff or deputy sheriff but does not mention jailer. Section 27-26-102, C.R.S.1973, however, states that the keeper of the county jail is the sheriff of the county, "in person or by deputy for that purpose appointed." (emphasis added) Thus the jailer is a deputy sheriff and as such is a peace officer within the definition of § 18-1-901(3)(1), C.R.S.1973 (1976 Cum.Supp.). See also § 18-8-103(3), C.R.S.1973. It is irrelevant that in this case the regular jailer was on vacation and another deputy sheriff was filling in.
*591 Defendant next argues that even if the jailer was a peace officer he was not enforcing a penal law. Defendant's contention has two bases: That the municipal ordinance was not a penal law and that the jailer was not enforcing the ordinance when he was conducting the booking procedure. We disagree.
If the violation of a municipal ordinance results in a penalty of a fine or imprisonment, then the ordinance is penal in nature. W. T. Grant Co. v. Casady, 117 Colo. 405, 188 P.2d 881 (1948). "[The] ordinary understanding is that a penal law is one which imposes a penalty." City & County of Denver v. School District No. 1, 94 Colo. 406, 30 P.2d 866 (1934). Violation of Craig Municipal Ordinance No. 131, prohibiting disorderly conduct, results in a possible penalty of a fine of $5 to $30, or imprisonment of up to 90 days. Thus the ordinance is a penal law within the meaning of § 18-8-104, C.R.S.1973.
Also, contrary to defendant's argument, the booking process does constitute an aspect of the enforcement of a penal law. Although there are no Colorado cases construing the terms "enforcement of a penal law," we conclude that the term "enforcement" as used in the statute encompasses those activities which a peace officer is under a duty to perform in order to give effect to a penal law. Under § 27-26-103, C.R.S.1973, it is the duty of jailers to receive and safely keep every person duly committed for safekeeping, examination, or trial. The booking process is part of the jailer's duty and is a result of an arrest. As the trial court correctly noted, the receiving and booking process for a violation of a penal law is as much a part of the enforcement process as the investigation, arrest, and other steps associated with law enforcement. Hence, jailers are among the persons intended to be protected under the statute, and obstruction of the booking process is a violation of the statute. See generally Jordan v. De George, 341 U.S. 233, 71 S.Ct. 703, 95 L.Ed. 886 (1951). (Test for vagueness of statute is whether language conveys sufficiently definite warning as to proscribed conduct when measured by common understanding and practices.)
Defendant also argues that admission into evidence of a piece of glass from the plate glass window was error because its prejudicial effects outweighed its probative value. Again we disagree.
The piece of glass was relevant to show the thickness of the glass and to prove the force involved in the scuffle. It is within the discretion of the trial court to determine whether the prejudicial effect of an evidentiary item outweighs its probative value, and unless the trial court has abused its discretion, the court's decision to admit evidence will not be disturbed on review. People v. Jones, 184 Colo. 96, 518 P.2d 819 (1974). We find no abuse of discretion here.
We have considered defendant's other allegations of error and find them to be without merit.
Judgment affirmed.
KELLY and STERNBERG, JJ., concur.