**552**

The PEOPLE of the State of Colorado, Plaintiff-Appellant,

v.

Andre Mark BOYETTE, Defendant-Appellee.

No. 80SA9.

Supreme Court of Colorado.

Oct. 19, 1981.

Paul Q. Beacom, Dist. Atty., Marc P. Mishkin, Deputy Dist. Atty., Brighton, for plaintiff-appellant.

J. Gregory Walta, Colorado State Public Defender, Craig L. Truman, Chief Deputy State Public Defender, David G. Eisner, Suzanne Saunders, Deputy State Public Defenders, Denver, for defendant-appellee.

ERICKSON, Justice.

The district attorney has appealed an order dismissing the sexual assault charges against Andre Mark Boyette, pursuant to section 16–12–102, C.R.S.1973. We reverse and remand with directions.

The defendant was charged with sexual assault on a child in an information which was filed in the Adams County Court. Section 18–3–405, C.R.S.1973 (1978 Repl.Vol. 8). The defendant appeared in the county court pursuant to a summons on June 29, 1979, and was advised of his right to a preliminary hearing and his right to the services of a public defender. He was ordered to appear on July 9, 1979, to obtain a setting for the preliminary hearing.

Thereafter, he failed to appear and a bench warrant was issued for his arrest. He was specifically asked why he failed to appear and replied that he only thought that he had to appear if he wanted a preliminary hearing. He said that since he didn't want a preliminary hearing, he did not appear. He was bound over to the district court and appeared before the district judge and, through his counsel, requested that he be granted a preliminary hearing.

The county court, in denying a preliminary hearing, found that the defendant had waived his right to a preliminary hearing by his failure to appear and by his admissions in open court. *See* Crim.P. 5 and section 16–5–301, C.R.S.1973. *People ex rel. Farina v. District Court*, 185 Colo. 118, 522 P.2d 589 (1974); *People ex rel. Farina v. District Court*, 185 Colo. 18, 521 P.2d 780 (1974); *People ex rel. Farina v. District Court*, 184 Colo. 406, 521 P.2d 778 (1974).

In our opinion, the county court properly denied the defendant a preliminary hearing.

 The district judge was persuaded by the public defender that *Gerstein v. Pugh,* 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975), required that the defendant have the advice of counsel before a preliminary hearing could be waived. *Gerstein v. Pugh, supra,* does not support such an argument. The Fourth Amendment does require a judicial determination of probable cause as a prerequisite to an extended restraint of liberty. However, the right to a preliminary hearing can be waived and the advice of counsel is not a prerequisite to the waiver of a preliminary hearing. The record in this case totally supports the county court's determination that a preliminary hearing was waived by the defendant.

■ When defense counsel was appointed, the district judge set both the argument on the waiver issue and the preliminary hearing for the same time. At the specified time the court advised the district attorney he should proceed with the preliminary hearing. The district attorney informed the court that he was not prepared to proceed and the case was then dismissed. It is also clear from the record that the district attorney had the complaining witness available and could have complied with the court's order, but elected not to proceed with the preliminary hearing.

In our view, this appeal reflects a dispute between the district judge and the district attorney and only incidentally meets any of the purposes intended by section 16–12–102, C.R.S.1973. The district judge, as the final arbiter, dismissed the case because the district attorney would not follow his directions and produce the evidence which would establish probable cause that a crime was committed.

Although we do not condone the actions of the district attorney, we reverse the district court and remand to the district court with directions that the sexual assault charge against the defendant be reinstated, and that the case shall proceed to trial without a preliminary hearing.

LOHR, J., concurs in the result only.

LOHR, Justice, specially concurring.

I concur. However, I do not consider it appropriate to criticize the manner in which the district attorney elected to proceed in this case.