**The PEOPLE of the State of Colorado,**
**Plaintiff-Appellee,**

v.

**James C. ABBOTT, Jr.,**
**Defendant-Appellant.**

No. 80SA172.

Supreme Court of Colorado,
En Banc.

Dec. 28, 1981.

Rehearing Denied Jan. 18, 1982.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Nathan B. Coats, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Tucker & Brown, William Tucker, Denver, for defendant-appellant.

DUBOFSKY, Justice.

The defendant, James C. Abbott, Jr., appeals his conviction in the Summit County district court of felony fraud by check, sections 18–5–205(2) and (3)(c), C.R.S.1973 (1978 Repl. Vol. 8).[1] We affirm the judgment of conviction.

In 1975, the defendant and Eugene Talbert entered into an agreement whereby Talbert would purchase a unit in the Silver Queen Condominiums in Clear Creek County and sell it to the defendant. In 1977, Talbert brought suit against the defendant because he had not made payments to Talbert as required under the agreement. As part of a settlement agreement to dismiss the suit dated September 12, 1977, the defendant executed a promissory note for $8,600 to be paid to Talbert in eight monthly installments of $1,000 and one final installment of $600. The defendant also executed a lease for one year at $310 a month. The defendant soon fell behind on his payments on the note and the lease, prompting Talbert to seek his eviction from the condominium.

On January 7, 1978, the defendant met with David Drucker, Talbert's attorney, and gave Drucker two checks made out to Talbert. One check, for $3,000, was post-dated January 13, 1978, and was for payment of past-due installments on the promissory note. The other check, for $620, was dated January 7 and was for two months' past due rental payments. At trial, Drucker testified that the defendant stated at the time he gave the checks to Drucker that the $620 check was "good." This check was returned for insufficient funds when presented.

A jury found the defendant guilty of felony fraud by check, and the court sentenced him to probation. The defendant contends on appeal that the fraud by check statute is unconstitutional; that the prosecution failed to prove all the elements of the crime sufficiently to avoid the defendant's motion for acquittal; that the absence of a preliminary hearing violated the defendant's statutory and constitutional rights; that Drucker, the complaining witness, lacked "standing" to sign the felony complaint which initiated criminal proceedings; and that the admission into evidence of certain of the defendant's financial records was prejudicial. We conclude that these contentions are without merit and affirm the defendant's conviction.

I.

■ The defendant alleges that the fraud by check statute, section 18–5–205, C.R.S. 1973 (1978 Repl. Vol. 8), violates due process by predicating criminal liability on the discretion of a third party as did the predecessors to the present statute, held invalid by this Court in *People v. Vinnola*, 177 Colo. 405, 494 P.2d 826 (1972) and *People v. Quinn*, 190 Colo. 534, 549 P.2d 1332 (1976). The present fraud by check statute imposes criminal liability only when a person "knowing he has insufficient funds with the drawee," and "with intent to defraud" issues a check for a thing of value. Section 18–5–205(2), C.R.S.1973 (1978 Repl. Vol. 8). Thus, liability is imposed by the writing of the check, and not by a bank's subsequent failure to honor it. The language of the current statute satisfies the standard set out in *People v. Vinnola* which would construe as constitutional a statute which "creates a crime when the drawer knows at the time of issuance that the check will not be paid." 494 P.2d at 832. We find the defendant's constitutional contentions without merit.

II.

■ The criminal action against the defendant was initiated by the filing of a felony complaint, sworn to by Drucker, Talbert's attorney, in the Clear Creek County Court on July 13, 1978. After the defendant's failure to appear at the October 4th date set for his preliminary hearing, the county court deemed the defendant's right to a preliminary hearing to have been

1. This case was transferred from the Court of Appeals under sections 13–4–110(1)(a) and 13–4–102(1)(b), C.R.S.1973 because the defendant challenged the constitutionality of the fraud by check statute, section 18–5–205, C.R.S.1973 (1978 Repl. Vol. 8) on its face and as applied.

waived and ordered his case bound over to the district court where the defendant was charged by information October 19th. On February 14, 1979, the date set for trial in the district court, the defendant's attorney moved to postpone the trial and set a preliminary hearing in district court instead. The district court denied these motions and the case proceeded to trial on February 14th. The defendant alleges two principal defects in the People's initiation of these proceedings: first, he contends that Drucker did not have standing to file a complaint under section 18-5-205(4); and second, that the district court's refusal to schedule a preliminary hearing and postpone the defendant's trial violated the defendant's statutory rights to a preliminary hearing under section 16-5-301, C.R.S. 1973 (1978 Repl. Vol. 8) and Crim.P. 5 and 7.

A subsection of the fraud by check statute, 18-5-205(4), C.R.S.1973 (1978 Repl. Vol. 8) gives specific authority for certain individuals to file a complaint. It provides:

> (4) Any person having acquired rights with respect to a check which is not paid because the drawer has insufficient funds shall have standing to file a complaint under this section, whether or not he is the payee, holder, or bearer of the check.

The defendant argues that Drucker lacks "standing" under this provision to file a complaint because he was acting solely as Talbert's attorney and had no personal rights with respect to the check. We disagree.

> Section 18-5-205(3)(c) provides:
> Fraud by check is: . . . (c) A class 4 felony if the fraudulent check was for the sum of $200 or more. . . .

Since the check here was for $620, the defendant was charged with and convicted of felony fraud by check. By contrast, section 18-5-205(3)(a) designates fraud by check as a class 1 petty offense if the fraudulent check is for less than $50 and section 18-5-205(3)(b) designates it as a class 2 misdemeanor if the check is for more than $50

but less than $200. Under Crim.P. 4.1, a misdemeanor or petty offense is initiated by filing a "complaint" in the county court. One of several ways felony proceedings are initiated is by the filing of a "felony complaint" under Crim.P. 3.[2] A "complaint" is defined in section 16-1-104(7), C.R.S.1973 (1978 Repl. Vol. 8) and Crim.P. 4.1 as "a written statement charging the commission of a crime by an alleged offender filed in the county court." Section 16-1-104(10), C.R.S.1973 (1978 Repl. Vol. 8) and Crim.P. 3 define "felony complaint" as "a written statement of the essential facts constituting the offense charged . . . made upon oath or affirmation before any person authorized to administer oaths within the state of Colorado." A "complaint" and a "felony complaint" are referred to separately in a number of statutes. For example, section 16-5-301, C.R.S.1973 (1978 Repl. Vol. 8) concerning preliminary hearings, refers to an offense charged in the "information, *complaint or felony complaint.*" (Emphasis added.) *See* Crim.P. 5(a) and (c).

These distinctions indicate that section 18-5-205(4) refers only to those persons who may file a complaint for petty offense or misdemeanor fraud by check and not to felony fraud by check, which is commenced by filing of a felony complaint. Subsection (4) allows a class of persons injured by a fraudulent check under $200 but without formal status as payee, holder or bearer, to bring the alleged fraud to the attention of enforcement officials. For checks over $200, it is presumed that criminal prosecution will be brought by or with the approval of a prosecuting attorney acting for the state. The involvement of the prosecuting attorney in the commencement of all felony actions initiated by filing of a felony complaint is implicit in Crim.P. 3(b), which provides:

> At the time of filing the felony complaint in the county court, the prosecuting attorney shall file a written list of names and addresses of the witnesses . . . he intends to call during trial.

Crim.P. 5(a)(1); section 16-5-205, C.R.S.1973 (1978 Repl. Vol. 8) and Crim.P. 7.

---

**2.** A felony prosecution may also be commenced by indictment or information. *See* section 16-5-101, C.R.S.1973 (1978 Repl. Vol. 8) and

Because we conclude that "complaint" in section 18–5–205(4) does not include a felony complaint, we hold that Drucker had "standing" to file the felony complaint against the defendant.[3]

## III.

The defendant also contends that the actions of the district and county courts denied him his statutory rights to a preliminary hearing. Section 16–5–301, C.R.S.1973 (1978 Repl. Vol. 8) provides in part:

Every person accused of a felony or class 1 misdemeanor by direct information, complaint, or felony complaint has the right to demand and receive a preliminary hearing within a reasonable time to determine whether probable cause exists to believe that the offense charged in the information, complaint, or felony complaint was committed by the defendant.

See Crim.P. 5(a)(4). When neither the defendant nor his attorney appeared in county court on the date set for the preliminary hearing, the court ruled that the defendant had waived his right to a preliminary hearing and bound the case over to the district court, where the defendant was charged by information. The district court refused the defendant's motion to postpone the trial and to schedule a preliminary hearing.

The right to demand a preliminary hearing where the defendant is accused by information or felony complaint is not only granted by statute, but has a constitutional foundation. *Gerstein v. Pugh*, 420 U.S. 103, 119, 95 S.Ct. 854, 865, 43 L.Ed.2d 54 (1975); *Lucero v. District Court*, 188 Colo. 67, 532 P.2d 955 (1975). However, waiver of the defendant's right to a preliminary hearing is possible under section 16–5–301, which provides:

The procedure to be followed in asserting the right to a preliminary hearing and the time within which demand therefor must be made, as well as the time within which the hearing, if demanded, shall be had, shall be as provided by applicable

rule of the supreme court of Colorado. A failure to observe and substantially comply with such rule shall be deemed a waiver of this right to a preliminary hearing.

Crim.P. 5(a)(5) states:

If the defendant . . . fails to file a motion requesting a preliminary hearing within 10 days after the defendant has come before the court, the county judge shall forthwith order the defendant bound over to the appropriate court of record for trial.

In *People ex rel. Farina v. District Court*, 184 Colo. 406, 521 P.2d 778 (1974) (*Farina I*), we held that an express written waiver by the defendant of his right to a preliminary hearing operated identically to a failure to file within the time limit prescribed by Crim.P. 5(a)(5); both requiring the defendant's case to be bound over for trial. In addition to an express written waiver, refusal by the defendant to appear at a scheduled preliminary hearing where the county judge had advised the defendant's attorney that the defendant's presence was required constitutes an implied waiver and extinguishes the defendant's right to a preliminary hearing in county court. *People ex rel. Farina v. District Court*, 185 Colo. 118, 522 P.2d 589 (1974) (*Farina II*).

In this case, following the filing of the felony complaint on July 13, 1978, the defendant was served a summons to appear on July 24, at which time he requested a continuance. On August 24, the defendant filed a request for a preliminary hearing and advised the court that he had retained counsel to represent him at the hearing. On September 7, the date set for the preliminary hearing, the defendant telephoned the court and requested a continuance because he had not yet contacted his attorney. A continuance was granted until October 4, at which time neither the defendant nor his attorney was present. On October 10, the county court determined that the defendant's actions constituted a waiver of the preliminary hearing. We agree.

---

**3.** Since we rest our conclusion on the definition of "complaint" in subsection (4) as not including a felony complaint, we need not decide at

this time whether this provision limits filing of complaints in non-felony actions to persons having acquired rights to a check.

While a record in which it was less clear that the defendant knew of his obligation to secure counsel and to appear might not sufficiently indicate a waiver to justify the court in binding the case over for trial, where, as here, it is clear that the defendant was apprised of his right to a hearing and of the date on which he was required to appear, the failure of both the defendant and his attorney to appear constitutes an implied waiver of the preliminary hearing. *Farina II, supra.* *See People v. Boyette*, Colo., 635 P.2d 552 (1981).

■ Once the defendant has waived his right to a preliminary hearing in the county court, the right is extinguished and may not be restored in the subsequent district court proceedings. *Farina II, supra; Farina I, supra.* This rule is based on the language of Crim.P. 5(a)(5), which provides that in the event of a defendant's failure to file a motion requesting a preliminary hearing, "the county judge shall forthwith order the defendant bound over to the appropriate court of record *for trial.*" (Emphasis added.) Since a waiver operates identically to failure to file, *Farina I, supra*, the rule mandates binding over of the defendant's case for trial.

### IV.

■ The defendant next argues that the prosecution's evidence was insufficient to support the jury's verdict, and therefore, the district court erred in denying his motions for judgment of acquittal and new trial. None of his arguments are supported by evidence in the record. The only point which merits discussion is his contention that the prosecution did not prove the check for $620 was written for "rent." He argues that proof that the fraudulent check was for payment of rent is required by section 18–5–205(2) which provides:

Any person, knowing he has insufficient funds with the drawee, who, with intent to defraud, issues a check for the payment of services, wages, salary, commissions, labor, rent, money, property, or other thing of value, commits fraud by check.

The defendant contends that, while Drucker thought the $620 check was for rent, it actually represented payment of monies under the complex purchase and sale transaction between Talbert and the defendant. We note, however, that the September 12th settlement agreement called for monthly payments of $310 under a "lease agreement" and that the memo portion of the check at issue describes the $620 as paid for "Rent Nov. 12–Jan. 12." These facts were sufficient for the jury to consider the issue of whether the check was written for "rent."

■ Even if the prosecution had failed to prove that the check was for "rent," acquittal is not mandated. The requirement of section 18–5–205(2) that a check be for payment of "services, wages, salary, commissions, labor, rent, money, property, or other thing of value," means only that the check may be written as payment for anything of value, including the above-named items. The defendant's payment of $620 to Talbert under the settlement agreement was for something of value.

### V.

■ The defendant also contends that the trial court abused its discretion in admitting his check stub record, monthly bank statement for January 1978, and copies of three of his checks not alleged to be fraudulent. The defendant argues that the evidence was not relevant to the charge of fraud by check involving the $620 check, and that even if relevant, the probativeness of the evidence did not outweigh its prejudicial effect on the jury. Defense counsel objected to the admission of these items, but failed to cite their admission in his motion for a new trial. Therefore, unless the introduction of evidence rises to the level of plain error under Crim.P. 52, it may not be considered on appeal. *Vigil v. People*, 196 Colo. 522, 587 P.2d 1196 (1979); *Diebold v. People*, 175 Colo. 96, 485 P.2d 900 (1971). We find no such plain error here.

The evidence was relevant. The check stub, in the defendant's handwriting, dem-

onstrated that, by the defendant's own calculations, his checking account did not contain sufficient funds at the time he wrote the $620 check to pay that check and other checks then outstanding. The monthly bank statement showed that the defendant's checking account balances on certain dates after January 7 were insufficient to cover his outstanding checks. Copies of two of the defendant's checks dated prior to January 7 demonstrated that the total of outstanding checks written by the defendant exceeded his checking account balance. Finally, the $3,000 check written on January 7 but post-dated to January 13 was evidence of the defendant's intent to defraud by writing the $620 check dated January 7. A post-dated check, in the absence of a present representation that the check is good, carries on its face implied notice that the maker does not presently have sufficient funds on deposit to pay the check. *People v. Meller*, 185 Colo. 389, 524 P.2d 1366 (1974). The inference to be drawn from comparison of the post-dated check with the $620 check, which was not post-dated, is that the defendant represented the latter check to be good. The inference buttressed Drucker's testimony that the defendant represented the $620 check as "good."

The probative value of each of these items of evidence was substantial and their prejudicial effect negligible. Only where the prejudicial effect of an evidentiary item outweighs its probative value will the trial court's evidentiary ruling be overturned as an abuse of discretion. *People v. Shockley*, 41 Colo.App. 515, 591 P.2d 589 (1978). We find no abuse of discretion and no plain error here.

Judgment affirmed.