David Thomas Executive Director Department of Public Safety 700 Kipling Lakewood, Colorado 80215
John N. Dempsey, Chief Colorado State Patrol 700 Kipling Lakewood, Colorado 80215
Dear Messrs. Thomas and Dempsey:
This opinion letter is in response to your December 9, 1987 letter, in which you inquired whether a Colorado State Patrol officer has the authority to make an arrest for a nontraffic crime when probable cause for such arrest develops during the course of a traffic stop.
QUESTION PRESENTED AND CONCLUSION
Your request for an Attorney General's opinion presents the following question:
 May a Colorado State Patrol officer make an arrest for, and file a criminal case on, a nontraffic offense which was discovered during the course of a traffic stop?
 A Colorado State Patrol officer may lawfully arrest for a nontraffic crime discovered in the course of performing his statutory duties and in particular, in the course of and incident to, a lawful traffic stop; it is solely within the discretion of the appropriate district attorney, however, to make the determination of whether criminal charges will be filed following an arrest.
ANALYSIS
Two separate statutes in the Colorado legislative scheme address the authority and powers of the Colorado State Patrol (hereafter, "the Patrol"): (1) the Patrol's enabling act, which states the agency's affirmative powers and duties, sections 24-33.5-201 to24-33.5-226, C.R.S. (1987) (hereafter, "the Act") and (2) the peace officer statute, section 18-1-901(3), C.R.S. (1986).
The primary duty of the Patrol is to "promote safety, protect human life, and preserve the highways of this state. . . ." Section 24-33.5-212(2), C.R.S. (1987). Consequently, the Act provides the Colorado State Patrol with varying specific powers and responsibilities that range from enforcement of the motor vehicle laws to enforcement of the automobile theft laws, vehicle inspection, investigation of traffic accidents and closures of highways for athletic or other special events.[1] The Act further provides that Patrol officers "shall not be used . . . by any authority of the state in any manner in the enforcement of any law other than that specifically provided in [the Act] or as may be otherwise specifically provided inany other law of this state" (emphasis supplied).
The peace officer statute provides, in pertinent part:
 "Peace officer, level I," means a police officer, undersheriff, deputy sheriff, Colorado state patrol officer pursuant to section 24-33.5-212, C.R.S., marshal, or security officer employed by any state institution of higher education pursuant to the limitations set forth in section 24-7-103, C.R.S., who is employed by the state or any city, city and county, town, or county within this state and who is certified pursuant to section 24-33.5-306, C.R.S. "Peace officer, level I," has the authority to enforce all the laws of the state of Colorado while acting within the scope of his authority and in the performance of his duties.
Section 18-1-901(3)(l)(I), C.R.S. (1987) (emphasis supplied).
Any power and authority of a Patrol officer to enforce nontraffic crimes obviously would derive from the second sentence of the peace officer provision. It is reasonable to assume the plain meaning of the phrase "all the laws of the State of Colorado" includes the nontraffic provisions of the Colorado Criminal Code. And, any argument that that provision would not apply to all of the officers defined as "peace officer level I," including members of the Patrol, would result in a strained interpretation in violation of principles of statutory construction.See Harding v. Industrial Commission,183 Colo. 52, 515 P.2d 95 (1973).
Obviously, the power of a peace officer "to enforce" the laws encompasses search and seizure (including arrest) powers.See People v. Shockley, 41 Colo. App. 515,591 P.2d 589, 591 (1979) (statutory phrase "enforcement of the penal law" includes those activities which a peace officer is under a duty to perform in order to give effect to a penal law).
The level I peace officer authority to enforce all laws of the state is limited, however, by the phrase "while acting within the scope of his authority and in the performance of his duties." Section 18-1-901(3)(l)(I), C.R.S. (1986). As noted above, the "duties" of the Colorado State Patrol are set forth in the Act, sections 24-33.5-201 to 24-33.5-226, C.R.S. (1987). The phrase "scope of authority" has been analyzed in terms of the territorial jurisdiction of peace officers to effect a lawful arrest; absent fresh pursuit or exigent circumstances, peace officers are authorized to arrest, search and seize evidence only within the boundaries of the employing jurisdiction. Peoplev. Hamilton, 666 P.2d 152 (Colo. 1983).
While it is clear that a major portion of the Patrol's duties involve travel upon and enforcement of laws relating to highways, several powers and duties of troopers relate to investigation and enforcement of state laws which do not carry definable physical boundaries (i.e., the automobile theft law or the special events law). In light of the Patrol's varied powers and duties, a practical physical delineation of the Patrol's territorial jurisdiction would be those geographic areas in which the Patrol operates to fulfill its statutory duties. Thus, when a Colorado State Patrol officer is "acting within the scope of his authority and in the performance of his duties," he must be acting pursuant to powers granted by enabling legislation and he must be physically operating in those areas where such duties require him to be present.
The legislature provides authority to Patrol officers in both title 24 and title 18. Reading the statutes together, giving effect to both, leads me to conclude that Patrol officers have authority to enforce all criminal laws, including the authority to seize evidence of, and arrest for, nontraffic offenses, where the probable cause for the nontraffic arrest arose during the course of carrying out the Patrol's statutory duties. State and federal cases lend support to this result. SeePeople v. Tottenhoff, 691 P.2d 340 (Colo. 1984);United States v. Gay, 774 F.2d 368 (10th Cir. 1985).
The Patrol's authority to "enforce all laws" can not be construed to include the authority to file criminal cases. Section 16-5-205, C.R.S. (1986), which governs the filing of criminal informations, indictments, warrants and summons, places the charging authority in the Office of the District Attorney. A complaining witness, who is often an arresting police officer, has no control over the filing of a case. People v.Lucero, 623 P.2d 424, 427 (Colo.App. 1980). Thus, once a peace officer, including a Patrol officer, has effected an arrest or has probable cause to arrest and relays that information to the district attorney in the proper county, "[w]hether and when to file charges is within the discretion of the district attorney." People v. Lewis, 680 P.2d 226, 229 at n. 1 (Colo. 1984).[2]
SUMMARY
Patrol officers may effect lawful arrests for nontraffic crimes where probable cause to arrest for the nontraffic crime arises during the course of carrying out the statutory duties of the Patrol. The decision of whether to file charges following the arrest, however, is solely within the discretion of the district attorney.
Sincerely,
 DUANE WOODARD Attorney General
PEACE OFFICERS POLICE WARRANTS POLICE, STATE
Sections 24-33.5-201 to 24-33.5-226, C.R.S. (1987) Section 18-1-901(3)(l)(I), C.R.S. (1986)
U.S. Const. amend. IV
DEPT. OF PUBLIC SAFETY COLO. STATE PATROL
A Colorado State Patrol officer may lawfully arrest for a nontraffic crime in the course of performing duties under the Patrol Act and in particular, in the course of and incident to, a lawful traffic stop.
It is solely within the discretion of the appropriate district attorney to make the determination of whether criminal charges will be filed following an arrest.
[1] Section 24-33.5-212 specifically sets forth the Colorado State Patrol officers' powers and duties as follows:
 24-33.5-212. Powers and duties of officers. (1) All officers of the Colorado state patrol have all the powers of any peace officer to:
 (a) (I) Make arrest upon view and with or without warrant for any violation of the provisions of any law of this state regulating the operation of vehicles and use of the highways or concerning motor vehicle registration; motor fuel tax laws; public utility laws, rules, and regulations, insofar as they pertain to motor vehicle carriers; and the inspection laws of this state;
 (II) Enforce the automobile theft law, article 5 of title 42, C.R.S.;
 (III) Inspect, examine, investigate, impound, or hold any vehicle for violation of said laws of this state;
 (b) Require the operator of any vehicle to stop and, upon demand, exhibit his driver's license and registration card issued for such vehicle and submit to a complete inspection of such vehicle and the equipment, interior, cargo, license plates, and any other paper or document required by law to be in his possession or to an inspection and test of the equipment of such vehicle when there is reasonable cause to believe that the vehicle is being operated in violation of any law of this state regulating the operation of vehicles or use of the highways or any other law mentioned in this part 2;
 (c) Inspect any vehicle of a type required to be registered or licensed under a provision of law in any public place where such vehicles are held for sale or wrecking for the purpose of locating stolen vehicles, or parts thereof, and investigate the title and registration thereof;
 (d) Serve all warrants, notices, summonses, or other processes relating to the enforcement of laws regulating the operation of the vehicles or the use of the highways and serve distraint warrants issued by the public utilities commission or department of revenue of the state of Colorado;
 (e) Investigate traffic accidents and make reports thereof to the chief and make such reports to the state department of highways and department of revenue as these departments may require, but the reports required to be made to the chief in this paragraph (e) shall not be public records and shall be for the confidential use of the Colorado state patrol;
 (f) Direct, control, and regulate all traffic at any intersection or any portion of streets or highways or elsewhere in this state when it is deemed necessary in the interest of public safety and for the safe and speedy movement of persons and property;
 (g) Investigate reported thefts of vehicles, motor vehicles, trailers, and semitrailers and take and hold any stolen vehicles or parts thereof discovered in any such investigation;
 (h) Stop any truck, automobile, or other vehicle found carrying or suspected of carrying any kind of livestock or poultry or the carcasses thereof or any hides of cattle for the purpose of examining and checking said load for permits, written statements, or livestock inspectors' certificates and make arrest for any violation of the law in this state relating to livestock theft and the transportation thereof. At the request of the state board of stock inspection commissioners, the Colorado state patrol shall cooperate with said board in the enforcement of any law within the jurisdiction of said state board of stock inspection commissioners or any rule or regulation issued by said board.
 (i) Enforce all of the laws of this state with respect to grounds and buildings owned by the state or any agency or institution thereof. Such enforcement shall not supersede the jurisdiction of the sheriff or other peace officers of the county, city, or city and county within which such enforcement may be required, but shall be in addition thereto. In any such activity, officers have and are hereby granted all powers of sheriffs and other peace officers, but such powers shall be exercised only upon the specific authorization of the governor.
Section 24-33.5-226 provides authority for the Patrol to conduct closures of highways for athletic or special events.
[2] A related issue is whether sheriffs must accept for commitment to jail the nontraffic arrestees of the Patrol.
Section 17-26-103, C.R.S. (1986) sets forth the duties of the sheriff in relation to persons committed to the county jails:
 The keepers of the several county jails in this state shall receive and safely keep every person duly committed to such jail for safekeeping, examination, or trial or duly sentenced to imprisonment in such jail upon conviction for any contempt or misconduct or for any criminal offense, and they shall not without lawful authority let out of such jail, on bail or otherwise, any such person.
The Colorado Court of Appeals has held that "[u]nder section 27-26-103, C.R.S. (1973) (reenacted to 17-26-103) it is the duty of jailers to receive and safely keep every person duly committed for safekeeping, examination, or trial." People v.Shockley, supra, 591 P.2d at 591. An arrest by a Patrol officer made under the provisions of titles 18 and 24 should be treated the same as any other arrest.