**In re PEOPLE of the State of Colorado, Plaintiff**

v.

**Johnathan NICHELSON, Defendant.**

No. 09SA182.

Supreme Court of Colorado, En Banc.

Nov. 9, 2009.

Don Quick, District Attorney, Rhoda Pilmer, Deputy District Attorney, Brighton, Colorado, Attorneys for Plaintiff.

Douglas K. Wilson, Public Defender, Emily Lieberman, Deputy Public Defender, Brighton, Colorado, Attorneys for Defendant.

Justice MARTINEZ delivered the Opinion of the Court.

## I. Introduction

In this original proceeding, we issued a rule to show cause under C.A.R. 21 to ascertain whether the district court erred when it determined that it lacked the authority to restore defendant Johnathan Nichelson's preliminary hearing. Nichelson initially waived his right to a preliminary hearing in consideration of a plea offer; however, he argues that due to miscommunication between his attorney and the district attorney, the plea offer Nichelson believed that he was accepting was different than what the district attorney intended to offer. Nichelson states that, once he became aware of the discrepancy and decided against accepting the plea offer as the district attorney had intended it, he filed a motion in the district court seeking to have his preliminary hearing restored. The district court found that it did not have the authority to restore the preliminary hearing following waiver, so it denied the motion without resolving whether Nichelson's waiver was effective.

We hold that the district court has the authority to restore a defendant's preliminary hearing where the district court finds that the waiver is ineffective. However, because the district court never reached the issue of whether Nichelson's waiver was effective, we return the waiver issue to the district court for its determination. Accordingly, we make the rule absolute.

## II. Facts and Procedural History

A seven-count complaint and information was filed in county court against the defendant, Johnathan Nichelson, charging him with, among other things,[1] criminal attempt to commit assault in the second degree, a class five felony, pursuant to sections 18–3–203(1)(b) and 18–2–101, C.R.S. (2008); and criminal attempt to commit assault in the second degree, a class five felony, pursuant to sections 18–3–203(1)(c) and 18–2–101, C.R.S. (2008). The charge pursuant to subsection (1)(b), Count 4 of the complaint and information, refers to assault with a deadly weapon. The charge pursuant to subsection (1)(c), Count 3 of the complaint and information, refers to assault on a peace officer. The parties appear to agree that the two charges have different sentencing implications.

Nichelson subsequently appeared in county court and executed a written waiver of his right to a preliminary hearing. The waiver was in consideration of a plea offer, which was recorded on the waiver form as "F5–Attempt to commit assault in the second degree." Thus, at the time Nichelson signed, it was not clear from the face of the waiver which of the two assault charges, Count 3 or Count 4, was the intended subject of the plea offer. Nichelson argues that he and his attorney believed that the plea was to Count 3, attempted assault on a peace officer. The People appear to argue, however, that Nichelson should have known that the offer was to Count 4, attempted assault with a deadly weapon, because the district attorney later wrote on the waiver form a sentencing range, "2 1/2–8 mandatory," which the People argue represents the sentencing range for attempted assault with a deadly weapon and not attempted assault on a peace officer. Although it is unclear from the allegations before us exactly what was communicated between the district attorney and Nichelson's attorney regarding the added notation, the People concede that the notation was added after Nichelson and his attorney had already signed the waiver form. However, Nichelson

---

1. Nichelson was also charged with the following: theft by receiving, a class four felony, pursuant to section 18–4–410(1), (4), C.R.S. (2008); criminal mischief, a class four felony, pursuant to section 18–4–501, C.R.S. (2008); vehicular eluding, a class five felony, pursuant to 18–9–116.5, C.R.S. (2008); resisting arrest, a class two misdemeanor, pursuant to section 18–8–103, C.R.S. (2008); and theft by receiving, a class two misdemeanor, pursuant to section 18–4–410(1), (3), C.R.S. (2008).

concedes that neither he nor his attorney reviewed the waiver form after the district attorney signed it and added the notation. Nichelson argues that he and his attorney did not review the waiver form because they assumed that the added note described the sentencing range for attempted assault on a peace officer, which they believed to be two to six years.

Some time later, Nichelson again appeared in county court. During that hearing, for reasons not contained in the record, the People moved to add another count of attempted second degree assault on a peace officer, naming a different victim, which the court granted. As a result, Nichelson executed a second waiver of his right to a preliminary hearing as to the added count. This time, the plea offer was specified on the waiver form as "F–5 attempted second degree assault on peace officer." Following this language, Nichelson's attorney wrote "ct. # 3" in parentheses, which appears to be a reference to her belief that the plea agreement was to Count 3 of the original complaint, the charge of attempted assault on a peace officer. The waiver form was then given to the district attorney, who signed it, admittedly without noticing the discrepancy in the waivers regarding which assault charge, Count 3 or Count 4, was the subject of the proposed plea agreement.

According to Nichelson, it was not until a month later when he appeared in district court intending to plead guilty to Count 3, attempted assault on a peace officer, that the parties apparently learned of their misunderstanding of the proposed plea agreement. The People argue that the district attorney had always intended the offer to be a plea to Count 4, criminal attempt to commit assault in the second degree pursuant to subsection (1)(b), assault with a deadly weapon. Nichelson, on the other hand, argues that he and his attorney had always understood it to be a plea to Count 3, criminal attempt to commit assault in the second degree pursuant to subsection (1)(c), assault on a peace officer. Apparently due to this confusion, the hearing was continued in order for Nichelson to decide whether he wanted to accept the offer as the district attorney had intended it.

Eventually, Nichelson appeared for arraignment and entered a plea of not guilty. Two months later, Nichelson filed a motion in the district court to restore his preliminary hearing, which was denied. The district court order found only that, "once a case is bound over for trial, 'the district court was not authorized or empowered' to grant the defendant a preliminary hearing," citing *People ex rel. Farina v. Dist. Court*, 184 Colo. 406, 411, 521 P.2d 778, 780 (1974). Accordingly, the district court did not reach the issue of whether the waiver was effective. Nichelson then filed this petition, requesting that we assume jurisdiction pursuant to C.A.R. 21. We issued a rule directing the People to show cause as to why relief should not be granted in this case. We now make the rule absolute.

## III. Jurisdiction

■ Whether to exercise our original jurisdiction in a particular case is wholly within our discretion. C.A.R. 21(a)(1); *People v. Carbajal*, 198 P.3d 102, 105 (Colo.2008); *People v. Lopez*, 148 P.3d 121, 123 (Colo.2006). However, relief under C.A.R. 21 is generally limited to extraordinary circumstances where there is no other adequate remedy. *In re A.H.*, 216 P.3d 581, 583 (Colo.2009); *see People v. Maestas*, 199 P.3d 713, 716 (Colo.2009). It may also be appropriate where the trial court acts without, or in excess of, jurisdiction and no other adequate remedy exists. *In re A.H.*, 216 P.3d at 583 (citing *Halaby, McCrea, & Cross v. Hoffman*, 831 P.2d 902, 905 (Colo.1992); *People v. Gallagher*, 194 Colo. 121, 123, 570 P.2d 236, 237–38 (1977)).

■ Our reasons for granting review in this matter are twofold. First, we find it necessary to clarify and correct the district court's misreading of our prior case law, which resulted in its determination that it lacked jurisdiction to consider the issue before it. Second, because the district court's error involves the right to a preliminary hearing, there is no other adequate remedy available. The purpose of a preliminary hearing is to "screen out cases in which prosecution is unwarranted by allowing an impartial judge to determine whether there is probable cause to believe that the crime

charged may have been committed by the defendant." *Rex v. Sullivan,* 194 Colo. 568, 571, 575 P.2d 408, 410 (1978). This process must occur before trial, because if the case proceeds to trial, the error allegedly committed in denying Nichelson's request to restore his preliminary hearing would become moot. *See Kuypers v. Dist. Court,* 188 Colo. 332, 335, 534 P.2d 1204, 1206 (1975) (original proceeding finding error in failure to afford proper preliminary hearing).

## IV. Analysis

■ In this case, the district court denied Nichelson's motion for restoration of his preliminary hearing because it found that it lacked the authority to do so. The district court relied entirely on our holding in *Farina,* 184 Colo. 406, 521 P.2d 778; however, such reliance is based on an overly-broad interpretation of that case.

In *Farina,* a defendant executed a waiver of his right to a preliminary hearing in county court, and the case was bound over to the district court. *Id.* at 408, 521 P.2d at 778–79. At his first appearance in the district court, however, the defendant requested a preliminary hearing. *Id.* at 408, 521 P.2d at 779. The district court granted the defendant's request over objection. *Id.* The district attorney then filed an original proceeding pursuant to C.A.R. 21(a), arguing that the district court was not vested with the power to restore a defendant's right to a preliminary hearing once the defendant waived that right in the county court. *Id.* After a thorough analysis of the applicable Colorado Rules of Criminal Procedure, we concluded that the district court exceeded its jurisdiction in granting the defendant's motion for a preliminary hearing. *Id.* at 410–11, 521 P.2d at 780. In our brief discussion, we made the statement that, once a case is bound over for trial, the district court is not authorized or empowered to grant the defendant a preliminary hearing. *Id.*

Although the language in *Farina* was not expressly limited to the factual context of that case, where a defendant waived a preliminary hearing in county court and then later tried to reassert his right to a preliminary hearing in district court, it is also true that nothing we said in *Farina* suggests that the district court cannot consider whether a preliminary hearing was effectively waived. Furthermore, we later clarified the scope of *Farina's* holding. *See People v. Macrander,* 756 P.2d 356 (Colo.1988).

In *Macrander,* we explained that *Farina* merely stands for the proposition that a defendant who executes an effective waiver of his right to a preliminary hearing in county court is not entitled to a preliminary hearing in district court. *See Macrander,* 756 P.2d at 362. Although our discussion of *Farina* was not central to our holding in *Macrander,* we made plain our understanding that a district court would have the power to restore a defendant's preliminary hearing if the waiver was involuntary and thus ineffective.

Here, Nichelson is not merely attempting to reassert his right to a preliminary hearing in district court after validly waiving his right in county court. Rather, his request for restoration of his right to a preliminary hearing is based on his argument that the waiver was consideration for a plea offer, which due to a misunderstanding was never actually extended. *Farina* is not a bar to a district court's authority to restore a defendant's preliminary hearing where the waiver is based on a miscommunication of the plea agreement. Here, the district court erred when it relied solely on an overly-broad understanding of the scope of our holding in *Farina.* If the district court had found Nichelson's waiver to be ineffective, it would have had the power to restore his preliminary hearing as he requested. However, because the district court erroneously believed that it could not reach the waiver issue because it had no authority to restore Nichelson's preliminary hearing, the waiver issue remains to be decided. Thus, further proceedings in the district court are necessary in order to make a determination regarding the validity of Nichelson's waiver.

## V. Conclusion

Having determined that the district court has the authority to restore a defendant's right to a preliminary hearing when it finds waiver of that right to be ineffective, we hold that the district court erred when it relied on

an overly-broad interpretation of *Farina* and consequently failed to address the issue of whether Nichelson's waiver was effective. Accordingly, we make our rule absolute and return the issue of whether Nichelson's waiver was effective to the district court.